[No. 3,495.]

## JOSE DOLORES GUERRERO ET AL. *v.* BARTOLO BALLERINO.

AN ADMINISTRATOR A PURCHASER AT HIS OWN SALE.—Case stated where the evidence shows that an administrator, through another person, was the purchaser at the sale of the intestate's land, made by himself, and where the finding of the Court below, that the administrator was not the real purchaser, is set aside as being not sustained by the evidence.

IF ADMINISTRATOR BUYS AT HIS OWN SALE, HE BECOMES A TRUSTEE.—If an administrator becomes a purchaser, through another person, of the land of the estate sold by him, the heirs of the intestate may have him declared a trustee, and compel him to convey the land to them.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Vicente Guerrero, on the 25th day of March, 1861, was the owner of a lot of land in the city of Los Angeles, and, on that day borrowed of the defendant fourteen hundred dollars, and to secure the same, gave the defendant a mortgage on the lot, and gave his promissory note, bearing interest at two per cent. per month, payable on or before the 1st day of November following. On the 16th of November, 1861, Guerrero, the note not having been paid, gave the defendant possession of the lot and buildings thereon, under the agreement that the defendant should collect the rents, and out of the same pay the taxes and repairs, and credit the balance on the note.

In March, 1865, Guerrero died, leaving four children, three sons and a daughter. Afterwards, and in 1865, the daughter died, leaving four children. The three surviving sons and the children of the deceased daughter were the plaintiffs here. The defendant, in May, 1865, was appointed administrator of Guerrero's estate. He filed the note and mortgage as a claim against the estate, giving credits thereon for rents received, and it was allowed by the Probate Judge to the amount of one thousand eight hundred and ten dollars and fifty cents. There were no other claims, except the expenses of administration. On the 10th of September, 1866, he filed a petition for the sale of the mortgaged premises, procured from the Probate Court an order of sale, and, on the 23d day of January, 1868, the administrator filed his report of the sale, in which he stated that he had sold the lot on the 7th day of March, 1867, at public auction, to H. J. Yarrow, for the sum of one thousand nine hundred dollars. On the 3d day of February, 1868, the Probate Court affirmed the sale. The administrator's deed to Yarrow was dated February 7, 1868, acknowledged June 12, 1868, and recorded July 17, 1868. Yarrow deeded the lot to the administrator Dec. 16, 1868, and the deed was recorded March 31, 1870. On the 19th day of October, 1869, the defendant filed his final account, and the same was approved, and the defendant discharged October 25, 1869.

This was a bill in equity, filed December 27, 1871, to

have the defendant declared a trustee, under allegations that, although Yarrow was the nominal purchaser at the administrator's sale, yet he purchased for the defendant, who was therefore a trustee, and should convey to the plaintiffs. There were allegations that the note had been paid by the rents, and the Court was asked to take an account of the amount, if any, due to the defendant. The plaintiff, José Dolores Guerrero, was a minor during the probate proceedings, and was twenty-two years old when the bill was filed. On the trial the defendant claimed that he had loaned Yarrow two thousand dollars after the administrator's sale, and that he paid him three thousand dollars for the property when he bought it. The Court below rendered judgment for the defendant, and the plaintiffs appealed.

The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for the Appellants, argued that the proper construction of the one hundred and ninety-third section of the Probate Act, forbid an administrator from purchasing the estate at his own sale, even though a *bona fide* purchaser, and that the burthen of proof was on the administrator, to show that the purchase was not made for his benefit when he bought the property from the purchaser at his sale; and cited *Michod* v. *Girod,* 4 How. U. S. 553; *Miles* v. *Wheeler,* 43 Ill. 126; *Davoue* v. *Fanning,* 2 Johns. Ch. 252, and *Moore* v. *Moore,* 5 N. Y. 257. They also argued that the evidence showed that the administrator was the real purchaser through Yarrow, the nominal one, and in relation to his suppression of his books of account, cited 1 Phil. on Ev. 447–8; 1 Green. on Ev. Sec. 37, and Broom's Legal Maxims, 693.

*Stanford & Ramirez,* and ˙*V. E. Howard & Sons,* for the Respondent, argued, that it devolved on the plaintiffs to make out their case, and that the evidence sustained the findings of the Court below, and that the complaint was without equity, because it did not offer to pay the mortgage and expense of administration, and did not tender back the purchase-money.

By the Court, McKINSTRY, J.:

It was important to ascertain whether the defendant, administrator, was directly or indirectly the purchaser at his sale of the intestate's land. (Probate Act, Sec. 193; *Boyd* v. *Blankman,* 29 Cal. 19.) The Court below found in effect that he was not.

I am authorized to say that all the Justices of this Court are of the opinion that the finding is against the evidence. The administrator's sale took place on the 27th of March, 1867, but was not confirmed by the Probate Court until February, 1868. More than five months elapsed after the confirmation before the deed to Yarrow, the nominal purchaser, was recorded. The conveyance from Yarrow to the defendant was made one month and twenty days after the discharge of the latter as administrator.

The nominal purchaser from the administrator is dead; and the defendant finds himself unfortunate in the circumstance, that no third person was present when one thousand nine hundred dollars—the alleged purchase price—was paid by Yarrow to him; when the two thousand dollars was loaned by him to Yarrow, or when the additional one thousand dollars was paid to make up the consideration for the re-conveyance.

He may also regret the omission, sworn to by him, to make any entries in his books of account, or any written memorandum of the transfers of moneys between Yarrow and himself. This omission perhaps would have been supplied, had the defendant been able to recover the book, which, on the first day of the trial, he stated he had in his possession, but which on the next day he declared was lost. The defendant says this book (which he admits he showed to the witness, Cohen) contained only an account for groceries furnished by Yarrow; but Cohen testifies that the book was a general account book, not confined to groceries, but extending to moneys, rents, charges for taxes—being a general running account.

It is true Yarrow paid the taxes on the property, while the apparent legal title stood in him; but the evidence

proves that he charged the sums so paid to the defendant. The defendant admits that he continued to collect the rents after the sale and conveyance to Yarrow; but says he paid them over to him for a month or so, when he loaned Yarrow two thousand dollars. He testifies that the latter gave his note for this sum, bearing no interest, and that he—the defendant—was to collect and keep the rents as payment for the use of the money; that Yarrow claimed that defendant should pay the taxes out of the rents received; to which defendant demurred, and thereupon demanded his two thousand dollars. The money not being repaid, the defendant offered Yarrow an additional one thousand (three thousand dollars in all) for the property, which the latter accepted. The property does not appear to have been worth more, when re-conveyed, than when sold to Yarrow, at which time, as shown by defendant's witnesses, one thousand nine hundred dollars was its full value. Defendant testifies that he was at Yarrow's store when he paid the last one thousand dollars, gave up the note for two thousand dollars, and took the deed of conveyance to himself. F. Howard and B. Nicolet subscribed the deed as witnesses, but were not present when the money was paid.

Many of the statements of the defendant are, in themselves, highly improbable; when his narrative brings him to events which, according to ordinary experience, should be known to others, he is uncorroborated; in an important respect he contradicts an allegation of his verified answer; in one matter of consequence he is contradicted by the witness Cohen; and, if we can attach any credibility to the testimony of the plaintiff, Dolores Guerrero (not directly denied,) the defendant seemed anxious to affirm the sale to Yarrow, when it was suggested that a larger sum could be realized.

Judgment and order denying new trial reversed. Remittitur forthwith.