[Civ. No. 1725. First Appellate District.—March 4, 1916.]

## F. W. SWANTON, Respondent, v. ROMIE C. JACKS, Appellant.

PARTNERSHIP—INTRUSTING MONEY TO PARTNER—DUTY TO ACCOUNT.— A partner who is intrusted with money by his copartner to carry out the purposes of the partnership, acts as the trustee of his associate, and, as such, he is bound not only to an exercise of the highest degree of diligence and good faith in the administration of his trust, but he is also bound to keep and render a full and exact account of his transactions, and of all moneys received and their proper investment.

Id.—Action for Dissolution—Default of Defendant—Sufficiency of Evidence.—In this action for the dissolution of a partnership, an accounting, and for the recovery of certain moneys intrusted to the defendant by the plaintiff for partnership purposes, it is held that the finding that the defendant had willfully failed and neglected to attend to the business of the partnership, or to carry into effect the purposes for which it was formed, is sustained by the evidence.

Id.—Accounting—When Unnecessary.—Where a partnership involves but one transaction, and an accounting of the items thereof is had during the course of the trial, and finding made as to the balance due, it is unnecessary to find the items of the account, or to order an accounting to be had.

Id.—Conversion of Funds—Evidence—Amount of Judgment.—Where it is found that the defendant converted to his own use the money of the firm which the plaintiff himself had contributed thereto, it is proper to give the plaintiff judgment for the full amount, and not for one-half of such sum.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

N. A. Dorn, and C. D. Dorn, for Appellant.

C. H. Sooy, Walter Shelton, and David L. Levy, for Respondent.

RICHARDS, J.—This is an action brought for the dissolution of a partnership, and for an accounting between the parties to it, and for the recovery by the plaintiff of such sum as should be found due him thereon. The complaint sets up in full the articles of copartnership, from which it appears, in substance, that the parties were to engage in the business of giving aeroplane exhibitions in various parts of the country, and that as a preliminary thereto the defendant was to proceed to France, taking with him a man who was to be instructed there in the art of aviation; that the defendant was, while there, to inspect and purchase one or two aeroplanes for use in said exhibitions; that in order to meet the expenses of the trip each of the parties was to put up the sum of five hundred dollars, and which the defendant was to receive at

the time of his departure for France; that each of the parties was to contribute the additional sum of four thousand five hundred dollars, which was to be placed in the hands of a trustee named in the agreement as soon as the defendant should have selected for purchase said machines; that thereupon the said trustee was to forward to said defendant such sum up to eight thousand dollars as would cover the purchase price of said machines; that the balance of the fund in the hands of the trustee was to be dispensed in arranging for and advertising the exhibitions.

The complaint then proceeds to aver "that from the commencement of said partnership said defendant has willfully neglected the business of said partnership, and to carry out the purposes for which it was formed, and has from time to time applied to and converted unto his own use and benefit from moneys belonging to said partnership and constituting the capital thereof, large sums of money, to the detriment of said partnership and the injury of said plaintiff."

In the answer of the defendant the making of the partnership agreement is admitted, but the above-quoted averment of the complaint is denied, and the defendant further affirmatively sets forth the several acts and expenditures on his part in furtherance of the objects and execution of said agreement.

Upon the trial of the cause the court found the agreement to have been made, and that under its terms the plaintiff had intrusted to the defendant the sum of three thousand three hundred dollars. It then found, in the terms of the above-quoted allegation of the complaint, that the defendant had willfully neglected the business of said partnership, and willfully neglected to carry out the purposes for which it was formed, and had converted to his own use and benefit two thousand eight hundred dollars of the said moneys so intrusted to him by plaintiff; and the court further found that upon an accounting between the parties there was due, owing, and unpaid to the plaintiff from the defendant the sum of two thousand eight hundred dollars. The court then entered judgment for a dissolution of the partnership and for the recovery by plaintiff of the said sum.

The defendant appeals from the judgment, and from an order denying a new trial.

The first contention which the appellant urges upon this appeal is that the evidence is insufficient to sustain the find-

ing of the court to the effect that the defendant either neglected the business, or failed to carry out the purposes of the partnership, or that he converted any of its money to his own use. In support of this contention the appellant calls the attention of the court to his own testimony relative to his trip to France, and to the purchase of an aeroplane, or aeroplanes, there. If the trial court believed the testimony of the defendant in regard to these matters it would follow necessarily that the findings were contrary to such evidence. But it must be remembered that the defendant was acting throughout as the trustee of his associate in said firm, and that, as such, he was bound, not only to an exercise of the highest degree of diligence and good faith in the administration of his trust, but that he was also bound to keep and render a full and exact account of his transactions, and of all moneys transmitted to him and of their proper investment, in accordance with the terms of his agreement, and that his testimony in regard to all such matters should be clear and explicit (*Foster* v. *Davis,* 46 Mo. 268; *Baker* v. *Williamson,* 4 Pa. St. 456).

Without undertaking to review the evidence in detail, it may be stated that a mere cursory inspection of the record will show that the testimony of the defendant falls far short of measuring up to these requirements, and that it was of such a doubtful, vacillating, and altogether unsatisfactory character as to have amply justified the court in rejecting the whole thereof, and in finding, in the language of the plaintiff's complaint, that the defendant had willfully failed and neglected to attend to the business of the partnership, or to carry into effect the purposes for which it was formed. (*Bone* v. *Hayes,* 154 Cal. 759, [99 Pac. 172]; *Roberts* v. *Roberts,* 168 Cal. 307, [Ann. Cas. 1916A, 886, 142 Pac. 1080]; *Treat* v. *Treat,* 170 Cal. 329, [150 Pac. 53]; *Guerrero* v. *Ballerino,* 48 Cal. 118.)

The appellant's next contention is that the court has failed to find upon the issues raised by the affirmative statements of his answer relative to his trip to France and his doings there.

It is true that the court has not specifically referred to these matters in its findings; but, as is above shown, the court has made a general finding which, if true, carries with it the necessary implication that the affirmative asseverations of the defendant in his answer and his evidence are untrue. This being so, no detailed finding was required to respond to the

issues raised by the defendant's answer, for the added reason, if for none other, that the answer of the defendant raised no new issue in the case, but only amounted to the affirmative averment of matter already put in issue by his denials of the allegations of the complaint as to his neglect of the business and conversion of the funds of the firm.

The appellant further urges that the findings and judgment of the court are insufficient, for the reason that this being an action for the dissolution of the firm, and° for an accounting, the court should in its findings have found and given the items of such account, or else in its judgment have ordered that such accounting be thereafter had.

It is to be noted, however, that this partnership had during its brief period but one transaction, involving the deposit with a trustee of a certain fund, and its outlay for but two objects, viz., the trip of the defendant to France, and the purchase by him of an aeroplane or two while there. The evidence shows that an accounting was had as to both these items during the trial, and the court finds that upon such accounting there is a balance in plaintiff's favor of two thousand eight hundred dollars. It cannot therefore be justly said that the court has not made an accounting and found and fixed the balance due the plaintiff thereon.

As to this finding, however, the appellant urges that since the court found that the defendant had only diverted two thousand eight hundred dollars of the money of the firm, the defendant could only be held liable to the plaintiff for half of that sum, and hence that the amount of the judgment is double what it should have been.

This argument is, however, based upon a misconception of the finding of the trial court; for the finding is that the money of the firm which the defendant converted to his own use was that portion thereof which the plaintiff himself had paid, and which had been intrusted by him to the defendant. Thus construed, the findings and judgment properly provide for the repayment to the plaintiff of the sum which he had paid into the firm.

The appellant's further contention is that the court erred in permitting a certain witness to testify to a conversation held with the trustee of the parties, but in the absence of the defendant. An examination of the record in this regard shows that the error, if any, was harmless, for the reason that

the testimony educed was unimportant, and related to matters already in evidence from the lips of other witnesses.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1916.