## In re WEAR'S WILL.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

**1. WILLS (§ 181*)—REVOCATION—EXPRESS REVOCATION.**

A second will, which contained a revocation clause, operated to revoke the prior will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 459; Dec. Dig. § 181.*]

**2. WILLS (§ 290*)—REVOCATION—LOST WILL—PRESUMPTION OF REVOCATION.**

If a will was in testator's possession and could not be found after his death, it is presumed that he destroyed it with the intention of revoking it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 663; Dec. Dig. § 290.*]

**3. WILLS (§ 198*)—REVIVAL—DESTRUCTION OF REVOKED WILL.**

The destruction of a second will containing a revocation clause, with the intention of revoking it, will not reinstate the former will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 497; Dec. Dig. § 198.*]

**4. WILLS (§ 296*)—REVOCATION—EVIDENCE—EXECUTION—ATTESTING WITNESS.**

Code Civ. Proc. § 1865, requiring the provisions of a lost will presented for probate to be established by at least two credible witnesses, does not prevent proof that a second will revoking a former will was executed and left in testator's possession, so that, in proceedings to probate a will, the execution and delivery to decedent of a second will revoking the first could be proved by the attorney who drew and witnessed both wills, in order to show that the will offered was not testator's last will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 674; Dec. Dig. § 296.*]

**5. WILLS (§ 303*)—PROBATE—PROOF OF EXECUTION—TESTIMONY OF ATTESTING WITNESS.**

One who witnessed a will could prove its execution, if the other subscribing witnesses were dead.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 715; Dec. Dig. § 303.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the probate of the will of John B. Wear, deceased. From a decree denying probate to a will, Frank M. Wear appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Louis Mathot, for appellant.

H. F. Lawrence, for respondent.

WOODWARD, J. On the 18th day of June, 1900, John B. Wear executed a will. This will was drawn by his attorney, George Eckstein, who became one of the subscribing witnesses; Mrs. Levina M. Carew being the other witness. This is the will which has been rejected, on the offer for probate. In September, 1904, the decedent met his attorney, Mr. Eckstein, and requested him to draw a second will. The latter took the will of June, 1900, containing a revocation clause, to his office, and with that will before him drew a new will, which disposed of all of decedent's estate and contained a revocation

clause. This new will was duly executed; the witnesses being George Eckstein (who witnessed the prior will) and George H. Smith, the decedent's family physician. This new will was taken into possession by the decedent after it was executed on the 15th day of September, 1904. On the 29th day of February, 1908, the decedent died, leaving a widow, three sons, and a daughter. The will of June 18, 1900, was offered for probate by one of the sons, and objections were made to its probate by the daughter. George H. Smith, the second subscribing witness to the will of September, 1904, died on the 7th day of September, 1908, two weeks before the hearing on the citation. It was shown that Frank M. Wear, the proponent, had made a search for the will of September, 1904, but had failed to find the same. There seems to be no question that the second will, if established, operated to revoke the will of June 18, 1900, and that, having been in the custody of the testator and not found after his death, the presumption arises that it was destroyed by him with the intention of revoking the same, and that this does not operate to reinstate the former will.

The objection urged on this appeal from the decree of the surrogate refusing probate to the first will is that the proof offered and received of the execution of the second will is inadequate. The appellant contends that the proof must be of the character required by sections 2621 and 1865 of the Code of Civil Procedure, entitling a lost will to probate. The requirement of this section is that the provisions of such lost will must be established "by at least two credible witnesses, a correct copy or draft being equivalent to one witness." We are of the opinion that this contention cannot be sustained. It is one thing to admit to probate a will disposing of a man's estate where the will cannot be found, and quite another thing to merely establish that a second will, revoking a former will, has been duly made and executed and left in the possession of the decedent. In the one case we are assuming to dispose of property in a manner different from that prescribed by law in the absence of a will, while in the latter case we are merely permitting the property to descend in the manner which the law designates. In the case now under consideration the execution and delivery of the will to the decedent was proved by Mr. Eckstein who drew both wills, and who was a subscribing witness in both of them. He would have been entirely competent to have proved the execution of the will, if it had been found, the remaining subscribing witness being dead; and he was equally competent to prove the execution and delivery of the will to the decedent, not for the purpose of establishing a lost will, but to show that the will offered for probate was not the last will and testament of the decedent, and that such an instrument was executed and left in such a custody that the presumption is that it was destroyed with the intention of revocation, with the result that the decedent died intestate. We are of opinion that the authorities relied upon by the learned surrogate support his conclusions, and that the decree refusing probate to the will of June, 1900, was properly made.

The decree appealed from should be affirmed.

**Decree of the Surrogate's Court affirmed, with costs. All concur.**