In the Matter of the Estate of KATE W. BASSETT, Deceased. HATTIE B. MANION et al., Respondents, v. FRANK BRYSON, Administrator, etc., Appellant.

[1] WILLS—CONTEST AFTER PROBATE—SUBSEQUENT WILL—INTESTACY —ISSUES—JURISDICTION.—Where, within a year after the admission to probate of the alleged last will of the decedent, a proceeding to contest said will, to revoke the probate thereof, and to probate a destroyed holographic will bearing a later date, the trial court, although denying probate of said holographic will, has jurisdiction to determine whether or not the decedent died intestate and without leaving any last will or testament.

[2] ID.—INCONSISTENT INSTRUMENTS—REVOCATION.—A later will containing provisions inconsistent with an earlier will has the effect of revoking said earlier will so far as inconsistent therewith; and where two wills make disposition of all of the testatrix's property, but to different beneficiaries, they are inconsistent to that extent and the later will revokes the earlier will.

[3] ID. — REVOCATION BY SUBSEQUENT WILL — DESTRUCTION ANIMO REVOCANDI—PROOF OF EXECUTION—ONE WITNESS.—Where a later will containing an express revocatory clause or containing dispositive provisions wholly inconsistent with an earlier will is destroyed by the testator *animo revocandi*, its due execution may be sufficiently proved by the testimony of one witness for the purpose of working a revocation of the earlier will.

---

(1) 40 Cyc., p. 1344, n. 46.    (2) 40 Cyc., p. 1175, n. 68, 69, 70. (3) 40 Cyc., p. 1173, n. 62, p. 1292, n. 85.

APPEAL from a judgment of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. L. Minnis, Jr., for Appellant.

---

2. Inconsistent provisions of later will as revocation of earlier will, note, Ann. Cas. 1914A, 123. See, also, 28 R. C. L. 174.

3. Revocation of will by subsequent will, and revival of former will by destruction of the later, notes, 4 Ann. Cas. 313; 13 Ann. Cas. 245; Ann. Cas. 1913E, 120; Ann. Cas. 1916E, 718; 37 L. R. A. 561; 14 L. R. A. (N. S.) 937; 37 L. R. A. (N. S.) 291. See, also, 28 R. C. L. 174 et seq.

Meserve & Meserve for Respondents.

LAWLOR, J.—The decedent, Kate W. Bassett, died on the eleventh day of November, 1923, in the county of Los Angeles, being a resident of said county and leaving estate therein. Shortly thereafter a will bearing date December 11, 1912, presumably an attested will, was duly admitted to probate and letters of administration with the will annexed issued to Frank Bryson, public administrator of Los Angeles County. By said will the testatrix left her estate and property to one Nancy Willis. Within a year after the admission to probate of said will, Hattie B. Manion and Emma A. Jones, sisters of the decedent, instituted this proceeding to contest said will, to revoke the probate thereof and to probate a destroyed holographic will bearing date July 20, 1922, executed by the decedent as required by law, under the terms of which she devised all of her estate to her sister, Hattie B. Manion. The contestants alleged in their petition and their opposition to probate that said holographic will was the last will and testament of said decedent; prayed that said holographic will be admitted to probate; that the former order admitting the prior will to probate be annulled and vacated and that the letters of administration granted thereon be set aside. Probate of the holographic will was denied on the ground that it had been destroyed before the death of said decedent *animo revocandi,* and that there was but one witness to prove its contents. The earlier will upon which letters of administration with the will annexed had been issued, however, was adjudged not to be the last will and testament of said decedent and the order admitting it to probate was thereupon vacated and set aside and said letters vacated and annulled—the decedent being adjudged to have died intestate. That is to say, the court, in effect, held that though two witnesses were necessary to establish the contents of the holographic will before it might be admitted to probate, nevertheless its contents could be established by the testimony of a single witness in order to work a revocation of an earlier will by virtue of its provisions being inconsistent therewith.

Frank Bryson, the public administrator and the administrator with the earlier will annexed, prosecutes this appeal

196 Cal.—37

from said order and judgment and urges two points in support of a reversal thereof. We quote:

[1] "Point I. The judgment amounts to a denial of due process of law to appellant as guaranteed by the Constitution of the United States and of the State of California, because it is beside the issues in the case as presented by the pleadings." Under this point appellant contends, in substance, that the petition of contestants merely alleged that the holographic will was duly executed by said decedent and had never been destroyed or revoked by her and that it was her last will and testament; that this was the only ground of contest in the case.

"The only issue, therefore, in the case was whether said writing was the last will and testament of the deceased, and this issue only could have properly passed into judgment. This was the only controversy between the adversary parties before the court, and was, therefore, the only controversy of which the court had jurisdiction. . . .

"Manifestly, the only issue tried by the court and concerning which the parties offered evidence or about which they had an opportunity to be heard was whether said document of July 20, 1922, [the holographic will] was the last will and testament of Kate W. Bassett." It is then contended that the court exceeded its jurisdiction when it further found that the decedent "died intestate and without leaving any last will or testament." And, further, it is contended that, as a consequence, appellant has not had an opportunity to be heard on the issue whether or not the execution of the holographic will, containing provisions inconsistent with the prior will, served to revoke said prior will.

In reply to this point the respondents urge that "Much of the argument of counsel for appellant is, apparently, due to a failure to consider respondents' opposition to probate and contest of will. On page 4 of appellant's opening brief he has confused the petition for probate of will and the opposition to probate and contest of will. In their petition for probate of will respondents are affirmatively seeking to have the document dated July 20, 1922, admitted to probate as an holographic will and letters of administration with the will annexed issued to petitioner Hattie B. Manion. In their opposition to probate and contest of will

contestants pray that the probate of the will previously admitted to probate and under which appellant was appointed administrator with the will annexed be vacated and set aside, and that it be adjudged and decreed that said will was not the last will and testament of said Katie W. Bassett, deceased. They then pray affirmatively as they pray in their petition that the holographic will set out in their opposition to probate and contest of will be adjudged to be the last will of said deceased, and that said Hattie B. Manion be appointed administratrix with the will annexed of the estate of said deceased. . . .

"His [appellant's] conclusion that the only issue in the case was whether said writing was the last will and testament of the deceased and that this issue only could have properly passed into judgment, if valid at all, would be valid only on the theory that the only pleading before the court was respondents' petition. Obviously, the issue before the court on the hearing of respondents' petition for probate of will, was whether the writing referred to, was the last will and testament of said deceased. When, however, the court was considering the opposition to probate and contest of will, the issue was not merely whether the instrument set out in the second paragraph of contestants' opposition to probate and contest of will, was in fact a will, but whether such an instrument had been executed and whether it was so inconsistent with the prior will, previously admitted to probate, as to, as a matter of law, revoke said will."

We are of the opinion that the trial court had jurisdiction to determine whether or not "Kate W. Bassett died intestate and without leaving any last will or testament," and we will consider under "Point II" the correctness of said finding. The claim of a want of due process is therefore without merit.

"Point II. The document of July 20, 1922, if written and signed by Kate W. Bassett, would not revoke the will of Kate W. Bassett, previously probated." The appellant discusses *In re Johnston Estate*, 188 Cal. 336 [206 Pac. 628], wherein the court held, in effect, that the contents of a will destroyed *animo revocandi*, and which contained an express revoking clause, might be proved by less evidence for the purpose of showing a revocation of an earlier will than that required for its admission to probate. It is contended, how-

ever, that said case "is not in point, because it dealt with
an instrument expressly revoking a previous will." It is
urged that "Manifestly, a distinction exists between a will
or instrument which contains a revoking clause and one
which does not. In the former, the intent of the testator
to revoke the former will is definitely expressed and in-
stantly executed, whereas, in the latter, the intention at
most is a matter of inference and remains executory, be-
cause the intentions expressed in the inconsistent will may
or may not become effective or executed. Thus, if you exe-
cute an express revocation your intention to revoke the pre-
vious will becomes effective instantly, but if you execute an
inconsistent will your intentions as therein expressed may or
may not° become effective. Their effectiveness depends en-
tirely on the proof or probate of the inconsistent will."

Respondents in reply cite *Estate of Thompson,* 185 Cal.
763 [198 Pac. 795], and *Estate of Johnston, supra,* and
contend that "In the two cases cited, the later will con-
tained an express revoking clause. It does not seem, how-
ever, that the rule would be different if the revoking clause
was implied rather than expressed."

[2] It is well settled that a later will containing provi-
sions inconsistent with an earlier will has the effect of re-
voking said earlier will so far as inconsistent therewith.
(Civ. Code, sec. 1296; *Estate of Iburg, ante,* p. 333 [238
Pac. 74].) The wills in the instant case made disposition of
all of the testatrix's property but to different beneficiaries—
they are, therefore, inconsistent to that extent and the
later revokes the earlier. In other words, the later will con-
tains "provisions wholly inconsistent with the terms of the
former will" and therefore revokes it.

[3] The inquiry then reduces itself to this: Does the
principle enunciated in *Estate of Thompson, supra,* and
*Estate of Johnston, supra,* extend to a case where the later
will does not include an express revocation of all other wills,
but revokes them merely because inconsistent therewith?
An examination of *Estate of Johnston, supra,* will suffice
for our present purpose. In that case the testator during
his lifetime had executed two wills. The later will con-
tained an express revocation of all former wills. Said later
will was destroyed by the testator *animo revocandi.* On
a contest of the probate of the earlier will the question arose

whether or not it was necessary to prove the due execution of the later will by two witnesses for the purpose of working a revocation of the earlier will, or whether or not the testimony of one witness would suffice for this purpose. In determining this question the court declared: ''This question has, however, been recently set at rest by the decision of this court in the case of the *Estate of Thompson, supra,* for, while in that case the court was divided upon the question as to whether evidence less than that required under section 1339 of the Code of Civil Procedure for the proof of a lost or destroyed, but unrevoked, will, namely, that 'of two credible witnesses,' could be permitted to establish and give effect to a revoking clause in such will, the court was in agreement in holding that the due execution of a will which was either proved or presumed to have been destroyed *animo revocandi* might be proved so as to give effect to its revoking clause by one witness, or, in other words, by the same amount and quality of evidence generally required and held sufficient for the proof of any fact under section 1844 of the Code of Civil Procedure. In the prevailing opinion of the court in *Estate of Thompson, supra,* Mr. Justice Wilbur thus stated the rule: 'If the will of 1916 had been revoked by cancellation or otherwise, the evidence of one witness to the contents of the will of 1916 would be sufficient to establish that it contained a revoking clause, for section 1297 of the Civil Code declares that the revocation of a revoking will does not revive the first will ''unless it appears by the terms of such revocation that it was the intention to revive or give effect to the first will.'' No doubt can be entertained that where the second testamentary act is revoked, evidence of the contents of the revoked will may be considered to determine the effect of such revocation upon an earlier will still in existence.' In the dissenting opinion in the same case, Mr. Justice Olney states: 'The leading opinion admits that if the will containing the revocation clause is in turn revoked, the revocation is still effective, the instrument cannot be probated, and, if destroyed, two witnesses as to its contents are not required for the purpose of proving the revocation.' . . .

''From the foregoing discussion we conclude that the evidence of the witness Blakely was sufficient, if believed by the trial court, to establish the fact as found by it that the

will of the decedent dated April 25, 1918, had been duly executed by him so as to render effective its revoking clause to the extent of revoking all former wills by him made, and that said revoking clause remained in full force and effect as to former wills of the decedent although said later will had been presumptively destroyed by the testator with the intention of revoking same.''

In other words, where a later will containing an express revocatory clause is destroyed by the testator *animo revocandi,* its due execution may be sufficiently proved by one witness so as to render effective said revocatory clause. No reason suggests itself why a different principle should be applied to the instant case where the later will, destroyed by the testatrix *animo revocandi,* revoked the former will because of its provisions being ''wholly inconsistent with the terms of the former will.'' Merely because it may become necessary in a particular case to prove the entire contents of the later will in order to reveal the inconsistency of the two wills does not, in our opinion, call for the application of a different principle.

Section 1296 of the Civil Code reads: ''A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will.''

Section 1297 of the Civil Code declares: ''If, after making a will, the testator duly makes and executes a second will, the destruction, cancellation, or revocation of such second will does not revive the first will, unless it appears by the terms of such revocation that it was the intention to revive and give effect to the first will, or unless, after such destruction, cancellation, or revocation, the first will is duly republished.''

It becomes apparent that section 1296 of the Civil Code provides two methods by which a prior will may be revoked by a subsequent will—one by an express revocation, and the other where the subsequent will contains provisions wholly inconsistent with the earlier will. Section 1297 then goes on to state that the destruction, cancellation, or revocation of a later will does not revive an earlier will unless such intention appears by the terms of the revocation or unless the

first will is duly republished.  This section announces a rule applicable as well to a case where the later will, destroyed *animo revocandi*, revoked the earlier will by virtue of its inconsistent provisions as to a case where the later will contained an express revocation of all former wills.  That is to say, section 1297 provides, in effect, that if the later will revokes the earlier will by either method prescribed in the preceding ·section, then the destruction of said later will does not thereby revive the earlier one; either method of revocation specified in section 1296 may be said, therefore, to take effect *eo instanti* without regard to the time of the testator's death.  Either method of revocation provided for in section 1296 having the same effect, and the destruction of ·the later will not reviving the former will, we are of the view that the principle enunciated in the *Estate of Johnston, supra,* is applicable to the instant case and the inconsistency of the later holographic will, destroyed *animo revocandi,* with the earlier will may be properly and sufficiently proven by the testimony of one witness for the purpose of working a revocation of the earlier will.

Though perhaps not necessary to that decision, we adopt, as controlling here, what was said by the court in *Estate of Thompson, supra.*  We quote: ". . . It is true that the authorities draw a distinction between a will which operated to revoke a former will because inconsistent therewith and a will that contains a revoking clause.  This is pointed out in *Blackett* v. *Ziegler,* 153 Iowa, 344 [Ann. Cas. 1913E, 115, 37 L. R. A. (N. S.) 291, 133 N. W. 901]. . . . That case holds that the latter operates *eo instanti* and that the former only operates in case the will is in effect at the time of death. The court quotes with approval the following from Page on Wills, section 273:

" 'In the United States, in the absence of a statute on this subject, the decisions are by no means uniform.  The better line of authority made a distinction between the cases where the later will contained an express revocation clause, and where it was merely inconsistent with the earlier will.  There seems to have been material distinction, and on good ground, between the state of a former will after a second one merely inconsistent with it, and its state after a second one with a declaration expressly revoking it.  In the first case, the only chance for the second to operate in revocation of the first,

according to the prevalent theories of the courts, was by its coming to a head as an active will, which it could do only by surviving its author. Being the last expression of the decedent, and at the same time practically inconsistent with the prior one, the intent to repeal the first by it was to be implied. In case, however, of its being recalled by the testator in his lifetime, it could not, on the theory referred to, be taken to have had the effect to do away with its predecessor. Being cut off before having its disposition of property awakened into life, it could have no affirmative operation through its dispositions upon the estate. Where such distinction is recognized, the destruction of a later will inconsistent with an earlier will, but containing no clause of express revocation, revives the first will. Where the second will contains a clause of revocation, it is held in many jurisdictions in the United States, in accordance with the distinctions already given, that the destruction of the second will does not revive the first will.'

"In California, however, this distinction between a revocation by implication and an express revocation cannot well be drawn, for section 1296 of our Civil Code expressly provides that the will is *revoked* by a subsequent will containing provisions inconsistent with the previous will as well as by a will containing an express clause of revocation, and section 1297 declares the effect of the destruction of the *revoking will*. If the execution of an inconsistent will operates as a revocation as well as and with equal force as a will containing an express revoking clause, as seems to be declared by section 1296, it would seem to follow, if we are to adopt the view that a lost revoking will may be proved as such by one witness, that the whole of an inconsistent last will, containing no revoking clause, could be proven by one witness to establish a revocation of an earlier will."

It follows that the dispositive provisions of a later will inconsistent with those of a former will may be proven by the testimony of one witness for the purpose of working a revocation of said earlier will.

The judgment appealed from is hereby affirmed.

Richards, J., Waste, J., Seawell, J., Shenk, J., Lennon, J., and Myers, C. J., concurred.