[Civ. No. 9582. Second Appellate District, Division One.—August 30, 1934.]

In the Matter of the Estate of ZAIDEE V. SMITH, Deceased. FIRST CHURCH OF CHRIST, SCIENTIST, IN BOSTON, MASSACHUSETTS, et al., Respondents, v. MOSES V. GILBERT et al., Appellants.

LeRoy N. French and Franklin J. Cole for Appellants.

Arthur W. Eckman, Morton L. Barker, Ella Rae Briggs and Ralph G. Lindstrom for Respondents.

HAHN, J., *pro tem.*—The next of kin of Zaidee V. Smith, deceased, appeal from that part of a judgment wherein it was decreed that a certain will executed August 16, 1929, but not produced, be admitted to probate as a part of the last will and testament of Zaidee V. Smith, executed March 17, 1932. Appellants in their brief state the questions involved in this appeal as follows:

"May a will be proven and admitted to probate as a lost will which is not proven to have been in existence at the time of the death of the testatrix?

"When a will, purporting to dispose of all of testatrix's estate, duly executed and entitled to be admitted to probate, contains the following clause: 'hereby revoking all former wills made by me, do make and declare this my last will and testament', may the Court disregard this language and admit to probate, in conjunction with said will, a former will, which, when last seen by any witness, was in testatrix's possession nearly three years prior to her death and could not, after testatrix's death, be found?"

The facts, material to the issues involved, as disclosed by the record may be summarized as follows: Zaidee V. Smith, a widow, residing in Los Angeles County, died August 8, 1932. An olographic will, dated March 17, 1932, with two undated codicils attached thereto in the handwriting of decedent, was offered for probate as the last will and testament of deceased by Marshall Stimson, a friend of deceased and named in said will as executor. For the purposes of brevity, this olographic will will be referred to as the 1932 will. Thereafter, the First Church of Christ, Scientist, in Boston, Massachusetts, filed a petition in the same proceeding, which in part reads as follows:

"That said deceased left a will dated the 17th day of March, 1932 entirely written, dated and signed by said deceased as testatrix, with two certain codicils thereto appended and thereon written as petitioner is informed and believes and therefore alleges the fact to be in the handwriting of said deceased and signed by said deceased. . . .

"That said deceased left in existence at the time of the death of said deceased, another unrevoked will which hereinafter for brevity is referred to as the '1929 will'; that said 1929 will was duly executed and published by said deceased and duly witnessed on the 16th day of August, 1929; that said 1929 will is part and parcel of said 1932 will and the 1929 will and said 1932 will together constitute the last will and testament of said deceased; that there is hereto attached and made a part hereof and filed herewith and marked as Exhibit 'A', a full true and correct copy of the substance of said 1929 will; that diligent search has been made for the original of said 1929 will but the same cannot be found and by reason of the loss of said original instrument your petitioner is unable to file such original instrument in this court but presents herewith the attached Exhibit 'A' as the full true and correct statement of the substance thereof. . . .

"That said 1929 will is in writing signed by said testatrix and attested by said subscribing witnesses. . . .

"That said testatrix died as aforesaid on the 8th day of August, 1932, within six months after the writing and signing of said 1932 will and by reason thereof the said charitable bequest to your petitioner including its activities

in said Pleasant View Home and said Christian Science Sanatorium in San Francisco contained in said 1932 will would be and are under said 1932 will standing alone invalid and ineffectual to the extent that said charitable bequest exceeds one-third of the estate of the testatrix, under the provisions of section 41 of the Probate Code of California; but by reason thereof and of the intent and purpose of said testatrix in said 1932 will and also in said 1929 will expressed, and by reason of the dependence of the testatrix upon the validity and legal effectiveness of each and all of the provisions of said 1932 will before said revocation clause in said 1932 will should become effective, the said 1929 will remains and is in full force and effect and the conditional revocation thereof by said 1932 will was and is ineffectual as a matter of law. . . .

"WHEREFORE your petitioner prays that a time and place be appointed for the hearing of this petition, simultaneously with the hearing of the petition aforesaid of said Marshall Stimson for the probate of said 1932 will, and for the proving of said 1929 will and said 1932 will as one last will and testament of said deceased and that all persons interested be notified and directed to appear at the time and place as appointed; that upon said hearing the court make its decree:

"First: that said will of August 16, 1929 and said will of March 17, 1932 be admitted to probate together as constituting one last will and testament of said decedent as of the date of said 1929 will, to-wit: August 16, 1929.

"Second: That such other and further orders and decrees be made by the court as may be fit and proper in the premises."

No question is raised on this appeal as to the due execution or validity of the will of 1932, or either of the codicils added thereto. The only portions of this will material to our discussion are contained in paragraphs I and IIII, which read as follows:

### I.

"I, Zaidee V. Smith of Los Angeles, California being of sound and disposing mind, not acting under undue influence, hereby revoking all former wills made by me, do make and declare this my last will and testament."

IIII.

"When all bequests that I shall later designate are paid, the entire residue and remainder of my estate shall be paid over, conveyed, transferred and delivered to the persons then composing the Christian Science Board of Directors of the First Church of Christ Scientist in Boston, Mass. and their successors in office in trust for the purpose of more effectively promoting and extending the religion of Christian Science as taught by Mary Baker Eddy, the proceeds from the sale of my diamonds and other valuable personal effects are to go to the Home at Pleasant View. My collection of Christian Science Journals dating from the 5th edition to present day are to be sold and the proceeds given to the Christian Science Sanatorium in San Francisco. All Sentinels from the first edition to be sold and given to the San Francisco Christian Science Sanatorium. All Christian Science literature old and new to be sold and given to S. F. Sanatorium."

Following the signature of the testatrix, appears the following paragraphs in her own handwriting:

"Codicil to above will.

"My house and lot 892 Kensington Road, furniture of house and every thing on the premises I bequeath to Marion D. Hart and Rosina Chitwood jointly.

"ZAIDEE V. SMITH."

"2nd Codicil to above will: I wish my cousin Moses Gilbert to have my orange ranch in Moreno Valley about 33 acres *allso* 100 shares of my Edison stock *to*.

"ZAIDEE V. SMITH."

As to the execution of the alleged lost will of 1929, it appears from the testimony of Fannie F. Smithton and Stanley Jewell, friends of deceased, and who were subscribing witnesses to a will executed by deceased in July, 1929, that deceased stated to Fannie F. Smithton on August 15, 1929, that she desired to rewrite her July will, and on said date dictated to Fannie F. Smithton a new will, which was on the same day typed by her; that on the following day the will was signed by deceased in the presence of Fannie F. Smithton and Stanley Jewell, subscribing witnesses thereto; that the will consisted of two typewritten pages to which was attached a blue cover such as is com-

monly used as a backing for legal documents, on the outside of which was typed: "Last Will of Zaidee V. Smith"; that upon the execution of the document, deceased put it in her handbag. There is no evidence in the record that this will was ever again seen by anyone, nor was a copy of said will produced at the hearing. Over the objection of counsel for appellants, Fannie F. Smithton and Stanley Jewell, the subscribing witnesses to the 1929 will, were permitted to testify that the will devised all of the estate of the testatrix to the First Church of Christ, Scientist, in Boston, Mass.

The evidence bearing upon the question of the existence or nonexistence of the will of 1929 on August 8, 1932, the date of decedent's death, or stated otherwise, whether the will was lost, or destroyed and revoked, is meager. As already stated, there is no evidence that the will was ever seen after the day of its execution, which was almost three years prior to the death of deceased. The evidence without conflict shows that a most thorough search was made among the effects of deceased, but no will other than the 1932 will was found. Two blue legal document covers were found among the papers of deceased on each of which was typed, "Last will and testament of Zaidee V. Smith". These cover sheets clearly show that each had been attached by staples to other sheets of paper, which sheets in one instance had been torn off, and in the other, removed by the removal of the staples.

After the making of the 1929 will, deceased repeatedly expressed to several of her friends that it was her desire and intention to change her will so as to provide for persons not named in her will. To at least two of her friends she stated that she intended "to rewrite her will". In February, 1932, she told a cousin she had had a will but had destroyed it. To her friend Stanley Jewell, one of the subscribing witnesses to her 1929 will, in April or May, 1932, she stated that she "had rewritten her will". Jewell understood her statement to mean she had rewritten her 1929 will, to which he had been a subscribing witness.

On the morning of August 8, 1932, which was the day of her passing, she then being clear of mind and intelligent and coherent in her speech, stated to a friend, who was with her, that she desired to add a codicil to her will

and requested that her will be brought to her. At her direction the key to the closet where she kept her valuable papers was taken from her handbag and a sealed envelope, on the outside of which was written: "Last will and testament of Zaidee V. Smith", was secured from the closet and handed to her. Opening the envelope with a scissors, she took out the 1932 will, which for some time she read and pondered over. Then saying she wished to make an addition or codicil to her will, she asked for pen and ink and wrote on the last page of the will the paragraph designated "2nd codicil to last will" and signed her name.

In view of our conclusion that the judgment must be reversed because of erroneous findings on two vital issues, we will quote from the court's findings of fact and conclusions of law, only such portions as are pertinent to the discussion of the points involved. Among other things, the court found:

"That said 1929 will was not destroyed during the lifetime of Zaidee V. Smith and was in existence, unrevoked, at the time of death of said decedent. . . .

"That the revocation clause in said 1932 will contained was as to said 1929 will, related to and dependent upon the legal effectiveness and operation of said 1932 will; that it was the desire, intent and testamentary purpose of decedent to die fully and completely testate; that to such extent as the said 1932 will might for any reason whatsoever fail to dispose of any portion of the estate of decedent as therein provided, it was the desire, intent and testamentary purpose of decedent that said 1929 will remain in full force and effect as part and parcel of her last will and testament to dispose of her said estate, so that the entire estate of said decedent should be disposed of as testate property as by said 1929 will and said 1932 will provided.

"That said 1929 will and Article 'IIII' of said 1932 will were and are identic in their dispositive provisions and disposed of all of the estate of decedent (except only the property devised and bequeathed by the first and second codicils to said 1932 will), including the proceeds of sale of diamonds, valuable personal effects, Christian Science Journals, Sentinels, and other Christian Science literature, to The Mother Church; that the administrative sales agents, to-wit: Belle Baker, Clara W. Mitchell and Marian Hart as

provided under said 1929 will were dispensed with and eliminated by said 1932 will, and the sales work to them given was by said 1932 will left for discharge by The Mother Church as and when it should deem wise; that said proceeds of sale of personal property were by said 1929 will and said 1932 will given and disposed of directly to said The Mother Church to be used by it as by its Board of Directors determined for said Christian Science Home at Pleasant View and said Christian Science Sanatorium at San Francisco and were not to go or be disposed of directly to the respective corporate entities which operate said Pleasant View Home and said Sanatorium at San Francisco;

"That said 1929 will and said 1932 will and the codicils thereto are all part and parcel of and as a whole constitute the last will and testament of Zaidee V. Smith, said decedent;

"That said last will and testament of decedent consisting of said 1929 will and said 1932 will (except the devises and bequests by said codicils provided) is completely dispositive of the estate of decedent to The Mother Church, as a charitable, benevolent body corporate, and said will and testament was executed at such times as to make the same valid and fully dispositive of the estate of decedent within the terms of Article II Sections 40 to 43, both inclusive, of the Probate Code."

The following conclusions of law declared by the court are pertinent to the points under discussion:

"1. That said 1929 will and said 1932 will and codicils thereto are entitled to admission to probate together, as a whole, as the last will and testament of Zaidee V. Smith, said decedent. . . .

"4. That all objections and grounds of opposition to the probate of said 1929 will and to the codicils to said 1932 will should be overruled and denied.

"5. Judgment and order of admission of said 1929 will and said 1932 will and codicils thereto, to probate, said order to contain the provisions of said 1929 will as hereinabove set out, to be entered accordingly.

"6. That said The Mother Church is the sole devisee and legatee of the entire estate of Zaidee V. Smith, deceased, save and except only the portions thereof devised and be-

queathed by codicils to said holographic portion of said last will and testament of Zaidee V. Smith, deceased.''

In urging a reversal of the judgment, appellants contend that all of the quoted findings are without support in the evidence, and that the court erred in its conclusions of law. Specifically, they assert:

1st. That the burden was upon respondent who offered the 1929 will for probate as a lost will to prove, by a preponderance of the evidence, the essential requisites provided by section 350 of the Probate Code, namely:

a. That the will was in existence at the time of the death of deceased, or

b. That the will was destroyed fraudulently or by public calamity in the lifetime of the testatrix, without her knowledge.

2d. That respondent not only failed to sustain the burden placed upon it by said section 350, but the presumption of law and the evidence without conflict sustain the conclusion that the will in question was not lost, but was destroyed by the testatrix in her lifetime.

3d. That the will of 1929, if the evidence showing the execution of such a will was properly admitted, was revoked by the testatrix in her lifetime.

Appellants' contentions on all of these points must be sustained. The evidence shows without conflict that the will of 1929 was last seen in the possession of the testatrix three years prior to her death, and that although a most thorough search was made immediately after decedent's death, no such document was found.

It is the settled rule in this jurisdiction that, where the evidence shows that the instrument cannot be found, and that when last seen or known to exist, it was in the custody or possession of decedent, the conclusion of law is that the writing was destroyed by the decedent, and that he acted with the intention of effecting a revocation thereof. (*Estate of Johnson,* 188 Cal. 336 [206 Pac. 628]; *Estate of Sweetman,* 185 Cal. 27 [195 Pac. 918].)

It would be difficult to find a situation that would more justly warrant the invoking of this rule of presumption than in the case at bar. In addition, there is the undisputed evidence that in February, 1932, deceased made the statement to a cousin that she had had a will but

destroyed it, and in April following informed an intimate friend, who had been a witness to the 1929 will, that she had rewritten her will.

The evidence without conflict shows that for some months prior to her death, deceased discussed with friends the advisability of making bequests to persons not named in her 1929 will, and also evidence that she made statements that she was going to make such changes. There is also other evidence to justify the inference that she had made a new testamentary disposition of her property after 1929, and that she had physically destroyed all wills made by her previous to the will of March, 1932. It appears that prior to 1932, she had made several wills. The fact that some of these wills were shown to have been destroyed by her, and not one of the old wills found after her death, justifies the inference that she entertained the belief that when she made a new will, she should destroy the superseded will.

In addition to the evidence bearing upon the question of the actual physical destruction of this will, we have the most solemn declaration by the testatrix in her 1932 will that she revoked all former wills, and that this document was her last will and testament. This declaration is so direct and clear that no elaboration or discussion can add force to, or change its meaning.

Respondent attempts to avoid the effect of this declaration by the testatrix in her 1932 will by arguing that it was made in the belief that the devise of the entire residuum of her estate to respondent would be effective. Inasmuch, however, as her death within six months of the execution of the will rendered this devise in its entirety void by reason of sections 40, 41 and 43 of the Probate Code of California, and because three years prior to her death deceased had made a will giving all her estate to respondent, respondent urges that this declaration should be rendered null and void, and the prior will reinstated as a part of the 1932 will, thus avoiding the result of the combined act of Providence and the legislative enactments of the sections of the Probate Code above cited.

There is no merit in this contention. The will at the time it was executed met all the requirements of the law, making it a valid and legal testamentary act of the testatrix.

This being so, the death of the testatrix within the period of time prescribed by our statute as necessary to elapse after the execution of a will in order that a bequest for charitable purposes may become effective, does not and cannot affect the validity of the document as the last will and testament of the testatrix, or of any other provisions contained in the will, which otherwise are a valid exercise of testamentary disposition.

Respondent does not dispute this proposition, so far as the document as a will is concerned, but does vigorously contend that, because the devise to it is rendered ineffective by reason of the restrictions contained in section 40 of the Probate Code, and the express wish of the testatrix so far as this devise is concerned in the 1932 will is thus defeated, another provision of the will, which is a perfectly valid declaration of her testamentary right, should be declared invalid so as to make possible the reestablishment of a previously drawn will, which makes respondent the sole beneficiary of the estate of deceased.

The argument advanced in support of this contention is neither persuasive in its reasoning, nor supported by legal authority. There is nothing in either of the wills that justifies a finding that deceased intended that both the documents of 1929 and 1932 should constitute her last will and testament. Indeed, the language of the 1932 will not only specifically declares otherwise, but its very terms are inconsistent with the provisions of the 1929 will. Full legal effect cannot be given to the valid provisions of both wills. Nor does the willingness of respondent to accept the residuum of the estate as decreed by the judgment, instead of the entire estate as provided in the 1929 will, obviate the difficulty encountered in attempting to reconcile the conflicting provisions of both documents.

If the considerations urged in support of the judgment were given judicial sanction, the right of testamentary disposition would be seriously undermined. For if, because any particular bequest in a will otherwise valid is rendered ineffective for any one of a number of reasons which need not here be pointed out, the solemn declaration of a testator that the document is his last will and testament and that all of his former wills have been revoked is to be ignored and declared ineffective, so that a prior disregarded will,

which has been as effectively revoked as such an act can be accomplished, is resurrected and made the basis for disposing of his estate, then surely the declared right of testamentary disposition would be a mere fiction and not a substantial right.

█ Among other contentions urged by respondent in support of the judgment is, that the testamentary purpose of the testatrix was never changed, and, therefore, the will of 1929 expressing this purpose should be held to be her last testamentary act so as to make possible the fulfilment of her testamentary purpose.

The evidence does not support the assertion that the testatrix had an "unchanged testamentary purpose". Paragraph IIII of the 1932 will makes two specific bequests to corporations which were not included in the will of 1929. In what is designated as the 1st codicil, which the court finds was written in March, 1932, a devise of a house and lot, together with the furnishings, is made to Marian D. Hart and Rosina Chitwood. In the codicil No. 2, written under the very shadow of the hand of death, she devises her orange ranch and bequeaths her Edison Company stock to a cousin. These very substantial devises and bequests were not contained in the 1929 will.

Other points are discussed by counsel in their briefs, and there are extended citations of authorities on the points we have considered, as well as those not included in our discussion. In view of the conclusions we have arrived at, we do not deem it necessary to discuss the other points raised, or the many cases and authorities cited in the briefs. Suffice it to say that we find no case among those cited that holds to the contrary of the conclusions which we have stated.

Inasmuch as our conclusions are in effect a determination of the law applicable to the facts as to which there is no dispute, it would seem that no useful purpose would be served by ordering a new trial of the case. It is therefore ordered that the judgment be reversed and the case remanded with the direction that the trial court make its findings and conclusions of law as hereinabove indicated, and enter judgment in accordance with the conclusions herein stated.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 25, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1934.