[Civ. No. 11002.  Second Appellate District, Division Two.—May 26, 1936.]

In the Matter of the Estate of ALBERT DUFFILL, Deceased.  MARTHA J. DUFFILL, Appellant, v. MARY WOOD DUFFILL et al., Respondents.

O. H. Speciale for Appellant.

Vance Booker, Musick & Burrell, Howard Burrell, Frank H. Ferguson and Esmond Schapiro for Respondents.

CRAIL, P. J.—This is an appeal from an order denying probate of an alleged lost and destroyed will. Appellant, the proponent of the will, presents several questions which are framed in language satisfactory to herself and the obvious answers to which are in her favor. But the fact remains that the case is almost exactly on all fours with the case of *Estate of Ross,* 199 Cal. 641 [250 Pac. 676], and is clearly governed by the law of that case. See, also, *Estate of Smith,* 140 Cal. App. 508 [35 Pac. (2d) 335] ; *Estate of Vetter,* 110 Cal. App. 597 [294 Pac. 438].

Appellant relies largely upon the *Estate of Sweetman,* 185 Cal. 27 [195 Pac. 918], but that part of the Sweetman case upon which she relies was expressly overruled in the *Estate of Ross, supra.*

Appellant contends that where a will, known to have been in existence at a time prior to the death of testator and in his possession at that time, cannot be found after his death, "the presumption of destruction, *animo revocandi,* is overcome by the continuous declarations of the testator to various friends that he had a will, and that he kept it in a metal strong-box in his house, and that said box almost immediately (about two hours) after testator's death passed into the possession of his widow who was interested in his estate (which is entirely the separate property of testator) adversely and that by concealing the will said widow will inherit as an heir at law a larger portion of the estate than she is provided for in the will". What the appellant seems to forget is that the presumption of revocation is in itself evidence of a substantial nature and that whether this presumption is overcome by other evidence depends upon the weight of the evidence. It is the province of the fact finder to determine where the preponderance of evidence lies, and this court on appeal will not substitute its opinion for that of the trial court as to the

weight of the evidence where there is any substantial evidence to sustain the trial court's finding.

■ There is another element in appellant's case which makes it impossible for her to succeed on appeal. Section 350 of the Probate Code declares that ''No will shall be proven as a lost or destroyed will . . . unless its provisions are clearly and distinctly proved by at least two credible witnesses.'' At the trial appellant produced no witness who had actual knowledge of the contents of the purported will. The court found that the requirements of this section had not been met. Under the circumstances of this case this court upon appeal cannot interfere with the finding of the trial court in that regard.

■ The further contention is made by the appellant that the court erred in denying her motion for a new trial on the ground of newly discovered evidence. The trial court was authorized to exercise its discretion in ruling on this motion and we see no abuse of discretion.

Judgment affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.