Edgar F. Hazleton, S.
In this contested probate proceeding, the issue of whether the propounded paper was revoked by a later will was preliminarily tried by the Surrogate without a jury. The decedent died November 17, 1955, leaving a widow. By the terms of the will dated November 10, 1944, which has been offered for probate herein, the widow is the sole beneficiary. In their objections to this propounded paper, the contestants allege that decedent, on May 6, 1952, executed a later will in which the widow was not named as the principal beneficiary. However, since this later will, after search, cannot be found, contestants claim that a presumption arises that the decedent himself destroyed the said will animo revocandi (Matter of Staiger, 243 N. Y. 468). They also submit that the later will of May 6, 1952 revoked the will of 1944, thereby causing decedent to have died intestate (Decedent Estate Law, § 34; Matter of Wear, 131 App. Div. 875; Matter of Henesey, 1 Misc 2d 864).
The contestants seek to prove the execution of the will of 1952 by the testimony of the lawyer who drafted same, and who was a subscribing witness to the document. He produced a conformed copy. His evidence was supported by a second witness to this will who also testified to its execution. The will contains-a revocation clause.
The proponent and the widow argue that the decedent never executed the will of 1952, and that the alleged conformed copy of same is a fraud. This, they charge, was brought about by a common scheme to defeat the will of 1944, entered into by at least some of the contestants, the lawyer who drafted and witnessed the execution of the 1952 will, and the attorney of record for contestants in this proceeding.
Three days of testimony were given by witnesses expert in the field of questioned documents, each supporting the side which had retained him, which is understandable.
Section 41 of the Decedent Estate Law states that the cancelling and revocation of the second will does not revive the first, and the case law upon the subject is already so cumulative as to bar any attempted restatement by me. (Matter of Stickney, 161 N. Y. 42; Matter of Wear, supra; Matter of McCaffrey, 174 Misc. 162; Matter of Jacobs, 63 N. Y. S. 2d 287, affd. 274 App. Div. 878.)
Not one iota of evidence was introduced which might so much as detract from the character,, reputation or credibility of the *803 tóémbéSr of the Bar who drafted, witnessed and supervised the execution of the will of 1952. I believe him as I do the other witness to said will.
Upon all of the evidence, my conclusions are as follows: The decedent executed a will on November 10, 1944. The decedent, thereafter, on May 6, 1952, executed a later will, as set forth in a conformed copy thereof, marked “ Objectant’s Exhibit One ” herein. Said will of May 6, 1952 revoked the will of November 10, 1944. The will of May 6, 1952, after its execution was destroyed and revoked by the testator. Decedent did not revive or republish the will of November 10, 1944. Therefore the petition for the probate of decedent’s will of November 10, 1944, should be denied.
Submit decree accordingly on notice.