## CASTRO v. RICHARDSON et al.

In ejectment, plaintiff may aver title in general terms; but if he attempt to set forth in his complaint a specific deraignment of his title, he must aver every fact that he could be required to prove in order to recover. And where one of the links in his chain of title, as set out in the complaint, is a will, the complaint must aver that the will has been admitted to probate.

Courts of Probate have exclusive jurisdiction of matters relating to the proof of wills; and before a will can be read in evidence in support of a title under it, the party seeking to introduce it must show that it has been regularly probated.

The probate of a will, until revoked, is conclusive of its validity in all collateral proceedings; and its rejection by the Probate Court is also conclusive of its invalidity.

APPEAL from the Third District.

Defendants demurred to the complaint, on the ground, among others, that it did not state facts sufficient to constitute a cause of action. Overruled, and answer filed. When the cause was called for trial, plaintiff objected verbally that the verification to the answer was insufficient, and so the Court decided; and the plaintiff submitted the case, and moved for judgment on the pleadings. The

defendants not offering to verify or amend their answer, judgment was accordingly rendered for plaintiff.   Defendants appeal.

*L. Archer*, for Appellants.

Plaintiff relies in the complaint on strict title, and attempts to set it out, but fails to make any sufficient allegation of the making of the will constituting part of his title, and makes no allegation of the probate thereof.   This is fatal.   (8 Cal. 580 ; 16 Id. 579 ; 2 Chitty's Pl. 591 ; 3 Id. 1333, 1361 ; 1 Jarman on Wills, 211.)

*S. .O. Houghton*, for Respondent.

No brief on file.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover a tract of land in the county of Santa Clara, and the plantiff has undertaken to set forth in the complaint a specific deraignment of his title.   One of the links in the chain of title is an instrument purporting to be a will, but whether this instrument has ever been admitted to probate, does not appear. The plaintiff might have stated his title in general terms, and avoided any question as to its sufficiency arising upon the complaint ; but having chosen to pursue a different course, and undertaken to set out the particular facts upon which the title rests, it was necessary for him to state all that he could be required to prove in order to recover.   Under a general averment of title, properly controverted by the answer, he would have been compelled, before giving the will in evidence, to establish its admission to probate, and what he would have been called upon to prove in that case, it was necessary for him to allege in this.

The Courts of probate have exclusive jurisdiction of matters relating to the proof of wills, and before a will can be read in evidence in support of a title under it, the party seeking to introduce it must show that it has been regularly admitted to probate.   It was intended that the mode of proof pointed out by the statute should be uniformly pursued, and to give effect to that intention

it is necessary to maintain the exclusive authority of the Probate Courts. Ample provision is made for determining controversies arising in the course of their proceedings, and in rejecting a will or admitting it to probate they act judicially, and their acts possess conclusive force. The statute provides that the probate of a will may be contested at any time within one year, but expressly declares that, if not so contested, it shall, at the expiration of that time, be conclusive, etc. The contesting party is required to file his petition in the Court before which the will was proved, and there is no provision for conducting the contest before any other tribunal, or calling in question in any different manner the sufficiency of the probate. Until the probate is revoked, it is conclusive of the validity of the will in all collateral proceedings; and as the rejection of a will is equally conclusive of its invalidity, it follows that the record of probate is the only proof upon which a party relying on the will can offer it in evidence.

We understand it to be the settled doctrine of the Courts of this country, that where the proceedings in probate are conclusive of the validity or invalidity of the will, it cannot be received in evidence to maintain a title founded upon it, until it has been admitted to probate. "By our laws," said the Supreme Judicial Court of Massachusetts, in *Dublin* v. *Chadburn* (16 Mass. 433) "the probate of a will is conclusive with regard to lands devised, in the same manner as it is with regard to chattels. * * There is no case in our jurisprudence in which the due execution of a will, the sanity of the testator, the attestation of the witnesses, or any question of that kind can be tried in a Court of common law. A will without the probate is of no avail; with the probate it is conclusive, in any action at common law, in which the question of a devise may arise." The same Court in *Laughton* v. *Atkins* (1 Pick. 535) said: "All persons interested in the estate of a person dying testate or intestate are bound by the proceedings in the probate office, as far as the Judge has jurisdiction of the subject. * * * By virtue of our statutes, the exclusive jurisdiction of wills, whether of land or personal estate, is given to the Court of Probate; and the decree of that Court allowing or disallowing such will can never be inquired into by any other forum." In *Tompkins* v. *Tompkins*

(1 Sto. C. C. 547) the character of the statutes under which these cases arose was alluded to by Judge Story, and the construction which had been placed upon them approved.   " The statutes of Massachusetts," said he, " contain no exclusive words, but merely declare that a Court of Probate shall be held within each county, and a Judge appointed for taking the probate of wills and granting administrations on the estates of persons deceased.   And this has been universally understood as giving that Court, not merely a concurrent, but an exclusive jurisdiction as to the probate of all wills." Statutes of similar import are to be found in most of the States, and so far as we have been able to extend our examination of the decisions under them, the same conclusion has been invariably arrived at.   In *Fotheree* v. *Lawrence* (30 Miss. 416) the Court said : " In order to entitle a party to offer in evidence a will under which he claims title, it is incumbent upon him to show that it has been regularly admitted to probate."   The will in that case was of personal property, but in *Scott* v. *Calvit* (3 How. 148) it was declared that the Courts of Probate had the same jurisdiction over all wills, whether of real or personal estate.   In *Mathewson* v. *Sprague* (1 Curtis, 457) it was held that the only tribunal in Rhode Island " competent to receive the evidence and pass upon the probate of a will was the Court of Probate ; that the decree of that Court, admitting or refusing to probate, is conclusive, both as respects lands and personalty, and its jurisdiction over the question of probate is exclusive."   It is unnecessary for us to accumulate authorities upon this subject ; there is no doubt that this is the prevailing doctrine wherever similar statutes exist, and the matter has undergone consideration by the Courts.

Our opinion is, that the facts stated in the complaint do not make out a title in the plaintiff, and the judgment is therefore reversed, and the cause remanded for further proceedings.

See *Irwin* v. *Scriber*, infra; *Adams* v. *Lansing*, 17 Cal. 269.