[No. 6,096.—Department One.]

## LOUISA PANCOAST *v.* FRANKLIN PANCOAST.

COMMUNITY PROPERTY—HUSBAND AND WIFE.—The defendant before his marriage was in possession, without right, of a tract of land; and after his marriage, he made a deed and gave up possession of a portion thereof to the rightful owners; and induced thereby, the owners conveyed the fee of a portion of said land to the defendant. *Held*, that the land thus acquired by the defendant was community property.

APPEAL from a judgment in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

*Clarke & Leviston*, and *Henry E. Highton*, for Appellant.

This case is clearly distinguishable from *Johnson* v. *Johnson*, 11 Cal. 205, where the whole title was purchased with community funds; and from *Smith* v. *Smith*, 12 id. 223, 224, where buildings were erected with community funds.

Here the appellant, prior to his marriage, had a claim and a possession which were valuable, and out of which all his subsequent acquisitions were derived.

This claim and possession were " property " within the definition of the law.

" The term ' property ' as applied to lands comprehends every species of title, inchoate or complete." (*Soulard* v. *United States*, 4 Peters, 511, 512.)

And they, and all that grew out of them, were the separate property of the appellant under all the authorities.

" The term ' separate property ' means an estate held, both in its use and in its title, for the exclusive benefit either of the

husband or wife. (*George* v. *Ransom*, 15 Cal. 322.) And real property purchased during coveture, with funds which constituted a part of the separate estate of the husband or wife, is also his or her separate property." (*Ramsdell* v. *Fuller*, 28 Cal. 37. See also *Kraemer* v. *Kraemer*, 52 Cal. 305; *Barbet* v. *Langlois*, 5 La. An. 215, 216; *Pargou* v. *Pace*, 10 id. 614, 615.)

" That the *cause* of the acquisition preceded the marriage is a matter which can hardly admit of any doubt. We think it is perfectly clear, under our jurisprudence on the subject, that the confirmation by the Government subsequent to the date of marriage did not have the effect of vesting the legal title to the original tract in the community." (*Succession of Charles Morgan, Sen.*, 12 id. 153, 154.)

*George W. Tyler*, for Respondent.

The *fee* of the property was acquired after marriage ; the defendant was a trespasser until he obtained his deed.

McKINSTRY, J.:

In the year 1852, defendant, without right, intruded upon the *Encinal de San Antonio*, a part of the *Peralta Rancho*, and ousted the owners from a tract of 160 acres, of a portion of which he continued to hold the possession until after his marriage with plaintiff. After such marriage, defendant "released " to the owners of the land under the Peralta title all claim to a part of the land of which he had retained possession, and surrendered the possession of such part; and in return for such release and surrender, the owners conveyed to defendant the *fee* to the remainder of the land of which he was in possession.

The only question to be considered is, whether the land so conveyed by the owners thereof to defendant is the separate property of the defendant, or is the property of the marriage community.

Defendant had no estate, legal or equitable, in the lands by him " released " to the owners of the Peralta title. It is true that a possession of lands may, under some circumstances, con-

stitute property. But as between the sole and exclusive owner of a tract, and one who has intruded himself into the possession without right, how can the latter be said to have any *property* in the lands? The owners who conveyed to the defendant their title may have been induced to make the conveyance to save themselves the annoyance and expense of litigation, which, however, could only have resulted in a judgment in their favor. The interchange of deeds did not necessarily involve a recognition by the owners of both tracts of land of any estate in defendant. The ability of defendant to give trouble and cause expense to those who held the Peralta title, by withholding from them the possession for a time, at the cost of a judgment against him for restitution (including costs of suit, and perhaps mesne profits), cannot be termed *property* in any legal sense.

This is not the case of separate property acquired by one of the parties to the marriage contract prior to the marriage, and which has simply changed its *form* after marriage. Defendant had no right in or to the land before his marriage: his tortious possession could give him none after marriage.

It follows that the land conveyed to the defendant after the marriage was community property.

Judgment affirmed.

Ross, J., and McKee, J., concurred.