[Sac. No. 939.    Department Two.—March 6, 1902.]

In the Matter of the Estate of PETER CHRISTENSEN,
Deceased. CATHERINE M. JACOBSEN et al., Plain-
tiffs, Respondents, v. C. W. NORTON, Administrator et
al., Defendants. JOHN PLOTZ et al., Appellants.

ESTATES OF DECEASED PERSONS—PROCEEDING TO DETERMINE HEIRSHIP—
EVIDENCE—UNPROBATED WILL.—In a proceeding to determine heir-
ship under section 1664 of the Code of Civil Procedure, parties
whose claims are based wholly upon an asserted will of the decedent,
not alleged to have been admitted to probate, cannot, while it re-
mains unprobated, introduce evidence to prove its execution as an
olographic will, or introduce the will in evidence to maintain a title
founded upon it.

ID.—JURISDICTION TO ADMIT WILL TO PROBATE.—The court has no juris-
diction in the proceeding to determine heirship, to admit the will
to probate. The only proceedings under which a will can be pro-
bated are those provided for in the Code of Civil Procedure, com-
mencing with section 1229 thereof.

ID.—PLEADING—WILL SET UP IN ANSWER—DUE EXECUTION NOT AD-
MITTED.—A will set up in the answer, which is not alleged to have
been admitted to probate, is not an instrument upon which any de-
fense or cause of action can be founded, and its genuineness and
due execution are not admitted, under section 448 of the Code
of Civil Procedure, by the failure of the plaintiff to deny the
same by affidavit.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial. Ed-
ward I. Jones, Judge.

The facts are stated in the opinion of the court.

A. V. Scanlan, James H. Budd, and C. H. Fairall, for
Appellants.

Loewy & Gutsch, and Budd & Thompson, for Respondents.

McFARLAND, J.—The above plaintiffs, having instituted
proceedings under section 1664 of the Code of Civil Procedure
to have the rights of all claimants to the estate of Peter Chris-
tensen, deceased, adjudicated, and all preliminary steps hav-
ing been properly taken, on June 3, 1899, filed their complaint,

in which they averred that said decedent died intestate, and that they (setting up the facts constituting their claims) were entitled, as heirs, to all his estate. A number of persons were brought in and made defendants, as claiming some interest in the estate. The defendant Norton was administrator, and filed an answer, in which he claimed no interest in the estate, but merely prayed that the court determine to whom distribution thereof should be made, and for his costs, etc. Other defendants, who may be designated as Anderson, Christensen et al., filed answers, in which they also claim to be the heirs of the decedent, and entitled as such to his estate, setting up the facts constituting their respective claims. The contest between these defendants, and between them and plaintiffs, were fully heard and determined, and the court found that the plaintiffs were the true heirs, and that neither of said defendants had any ownership or interest in the estate, and rendered judgment for plaintiffs. Said defendants have not appealed.

The appellants Plotz, Doan, and Jessen, who were also defendants, and have appealed from the judgment and from an order denying their motion for a new trial, filed an answer in which they denied the intestacy of the decedent, and alleged that, on February 5, 1898, he made an olographic will, which they set out in the answer, under which they claim part of the estate as devisees under said will. There is no averment in the answer that the alleged will had been admitted to probate, or that any steps had been taken to have it probated. In the prayer they ask ''the judgment of this court that said will be declared to be the last will and testament of Peter Christensen, deceased; that it be admitted to probate; that letters of administration with said will annexed issue to the one entitled thereto,'' etc. It appears in the statement on motion for a new trial that ''it was announced, on behalf of John Plotz, D. M. Doan, and Louis Jessen, that they do not desire to participate in the trial of the question as to who were the heirs of Peter Christensen; and they did not participate in the trial of such question''; and ''that said findings as to the matter of heirship are and were abundantly sustained by the evidence, and the defendants Plotz, Doan, and Jessen do not attack such findings as to the matter of heirship on this motion or otherwise.'' After the evidence as to the issues between all the other parties had been closed, counsel for the appellants addressed the court,

saying that he was doubtful as to what course his clients should pursue, and that he was there "for such steps as the court and counsel on both sides deem proper to take," and that, "of course, whatever the ruling of the court is, we shall put in an exception." After some conversation between court and counsel, counsel for appellants called a witness and offered to prove the execution of the will, by showing by the testimony of the witness that it was in the handwriting of the decedent. To this testimony, and to some other evidence which merely went to show former proceedings in the administration of the estate, counsel for respondents objected upon the ground that an unprobated will could not be admitted in evidence, and that in this proceeding the court had no jurisdiction to entertain the question whether the instrument was a will upon evidence other than its probate, nor, the statutory notices and proceedings for the probate of a will not having been given or taken, to then and there enter upon the matter of admitting the will to probate. The objection was sustained and appellants excepted. This ruling of the court was not erroneous.

The only right which appellants claim to have in the estate was wholly based upon the asserted will; apart from the will they had no standing in the case and could not have been aggrieved by the judgment. But they offered no competent evidence of the will as a basis for their asserted right; for it is clearly the law that a will "cannot be received in evidence to maintain a title founded upon it until it has been admitted to probate." (*McDaniel* v. *Pattison*, 98 Cal. 86; *Castro* v. *Richardson*, 18 Cal. 480.) In the case at bar appellants did not ask for a continuance until a proper proceeding for the probate of the will could be disposed of; indeed, no such proceeding had been commenced, and, although they evidently had been in possession of the will for a long time, and had deposited it with the county clerk prior to June 17, 1899, at which time they filed their answer,—which was seven months before the trial,—they offered no excuse for the long delay in taking any steps for its probate. It is contended that the court should have proceeded, as part of the present action, to hear and determine the matter of the probate of the will, and, if the evidence had warranted, should have entered a decree of probate as part of the judg--

ment herein. But section 1664 does not provide for the probate of a will, and the only proceedings under which a will can be probated are those provided for in the Code of Civil Procedure, commencing with section 1299. thereof; and it is beyond controversy that those proceedings had not been instituted or followed in the case at bar. The court below, therefore, was right in not entertaining the jurisdiction invoked.

Appellants invoke section 448 of the Code of Civil Procedure, which provides that when the defense to an action is founded on a written instrument, a copy of which is put in the answer, its genuineness and due execution shall be deemed admitted, unless the plaintiff within ten days file with the clerk an affidavit denying the same. Whether this section, and section 447, should be held, in any kind of an action, to apply to instruments not alleged to have been executed by a party, and of which he is not presumed to have any knowledge (*Mahe* v. *Reynolds*, 38 Cal. 560), or whether in a proceeding under section 1664 a party is required to make any answer at all to the pleadings of the other party,—each party, whether called plaintiff or defendant, being an actor and required to make out his own case,—are questions not necessary to be here decided. It is sufficient to say that the unprobated will set up in the appellants' pleading is not an instrument upon which any defense or cause of action could be founded, and respondents were not called upon to take any notice of it.

Other points made by appellants as to the validity of respondents' claims as heirs, if not expressly waived by the parts of the statement on motion for a new trial above quoted, are as to matters with which appellants are not concerned, and which they have no standing to attack. There are no other points made by appellants which we deem it necessary to notice in detail. It is sufficient to say that none of them are, in our opinion, tenable.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.