[L. A. No. 3363. Department Two.—August 18, 1914.]

## EDWARD A. ROBERTS, Appellant, v. MARGERIE M. ROBERTS, Respondent.

EVIDENCE—CIRCUMSTANCES DISCREDITING TESTIMONY OF WITNESS—FINDINGS.—The trial court, in making its findings on controverted facts, is not obliged to accept as true the testimony of the sole witness who gave direct evidence on the subject, where there were other circumstances in evidence which warranted the court in discrediting the testimony of the witness.

WILL—INADMISSIBLE TO PROVE TITLE UNTIL PROBATED.—A will which has never been offered for nor admitted to probate is inadmissible in evidence for the purpose of proving title to land in a person therein named as a devisee.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

M. Randall, and Randall & Gaines, for Appellant.

Stephens & Stephens, for Respondent.

HENSHAW, J.—Plaintiff brought this action to quiet title to lots 9 and 11, block 137, in the city of Long Beach, and lot 190 in the town of Willowbrook, all in the county of Los Angeles. The defendant is his stepmother. Judgment passed for defendant and plaintiff appeals.

Hulda R. Roberts, mother of this plaintiff and then wife of his father Charles Roberts, owned lots 5 and 6 of block 10

of the California Co-operative Colony Tract. She conveyed
this property to her husband by deed, reciting a consideration
of love and affection. Thereafter she died. Charles Roberts
married Margerie M. Roberts, defendant herein. He and de-
fendant conveyed away lots 5 and 6 of block 10 in considera-
tion of the conveyance to Charles Roberts of lots 9 and 11,
block 137, of the city of Long Beach, two of the lots title to
which is here in controversy. Charles Roberts, by convey-
ance from the Willowbrook Company, obtained title to lot
190 in the town of Willowbrook. Thereafter Roberts con-
veyed to Margerie M. Roberts, his wife, lots 9 and 11 in the
city of Long Beach and lot 190 of the town of Willowbrook.
Plaintiff pleads an equitable title to the Long Beach lots and
the Willowbrook lot, growing out of the following asserted
facts: That they were taken by his father in exchange for lots
5 and 6 of block 10 of the California Co-operative Colony
Tract; that these lots in the colony tract were in fact the sepa-
rate property of his deceased mother; that by her will she
left all her real and personal property to plaintiff with a life
estate to her husband; that the better to consummate the pur-
poses declared in her will she made the forementioned deed
to lots 5 and 6 to her husband, plaintiff's father, with the
understanding that he in turn should make his deed to these
lots in favor of plaintiff, and deposit this deed in escrow,
to be delivered to him upon the death of his father; that his
father did so place the deed in escrow, and thereafter, in vio-
lation of plaintiff's rights, made his deed conveying away
these same lots and receiving in return therefor the lots de-
scribed in the complaint, which thus equitably belong to
plaintiff.

The findings of the court, and consequently its judgment,
were against plaintiff upon all these matters. Upon his
appeal he advances the argument that as he himself testified
to the existence of these facts, and there was no opposing evi-
dence, it was the duty of the court to have found in his favor
and its findings against him are unsupported. But the court
was not under compulsion to accept the testimony of plaintiff,
and while from the nature of the case it would be difficult
to present direct evidence against plaintiff's positive state-
ments, there were circumstances which manifestly to the mind
of the court discredited plaintiff's evidence. Thus, as set
forth by plaintiff in his original verified complaint, the nature

of the deed was that it conveyed the fee to the plaintiff, reserving to the father a life estate, "with the right to trade said property." In his evidence he denies that the deed contained such provision. He testifies that the deed was acknowledged by his father upon a day certain and before a named notary. No deed was acknowledged by his father before any notary upon that day, and the deed, which had a different date, and which was acknowledged, in so far as the notarial entry bears evidence of its contents, was not to the lands in question. Again he declares that this deed was placed in escrow by his father at the Los Angeles National Bank with one F. G. Howes, an officer of the bank. Howes was dead at the time of the trial and evidence of the bank is that no such deed and no record of such an escrow could be found. We need not, however, pursue this further. Enough has been already set forth to show that the court was not under compulsion to accept the evidence of plaintiff. Plaintiff's offer of introduction in evidence of the will of his mother was rejected. The offer was for the single and sole purpose of proving title to the land in plaintiff. Objection was made that title could not be proved in this way, in that the will had never been offered for or admitted to probate. The objection was properly sustained, and if for any conceivable purpose the will might have been admissible in evidence, it was not admissible for the offered purpose, and it was not, therefore, error upon the part of the court to refuse it admission for the single and specific purpose for which it was offered, even though it might have been admissible for some other purpose not indicated in the proffer. (1 Wigmore on Evidence, sec. 17b.)

For these reasons the judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.