[Civ. No. 6096. Second Appellate District, Division One.—October 24, 1928.]

In the Matter of the Estate of DILLARD H. CLARK, Deceased. ELIZA S. WINN CLARK, Appellant, v. DILLARD H. CLARK, Jr., et al., Respondents.

Crouch & Sanders and John W. Willmott for Appellant.

Wright & McKee for Respondents.

CRAIL, J., *pro tem.*—This is an appeal from a judgment of the superior court of San Diego County, rendered on the twenty-sixth day of October, 1927, by which a large part of the estate of the decedent, Dillard H. Clark, was distributed under the terms of his will, as separate property, to his two children, Dillard H. Clark, Jr., and Alice Clark Myers, petitioners there and respondents herein.

The appeal is upon the judgment-roll and presents to this court the question whether the said judgment is supported and warranted by the findings.

The question for decision is, whether certain moneys and property in the estate were community property, or were the separate property of the decedent.

The question arose in the trial court upon the petition of the children for partial distribution of the estate under the will, and the answer or response of the widow, the latter alleging that a large part of the estate belonged to the community, and that she was entitled to one-half of all such community property.

The findings of fact were substantially as follows: The decedent, Dillard H. Clark, a major on the retired list of the United States army, was by his first marriage the father of three children, Edwin Howard Clark, Dillard H. Clark,

Jr., and Alice Clark Myers. On July 29, 1923, his son, Edwin Howard Clark, died, but his other two children survived him. On August 11, 1923, or about two weeks after the death of Edwin Howard Clark, Major Clark was married to Eliza Simpson Clark; and thereafter, on February 12, 1926, he died, a resident of San Diego County, leaving her as his widow. Said decedent left no other heirs at law except his said two children and his widow.

During or about the year 1922 oil was discovered on a tract of land in Noble County, Oklahoma, then belonging to Major Clark. After enjoying the revenue for a time, he conveyed his mineral right in said land to his three children, all of whom were then living, so that each became the owner of one-third of such rights. These mineral rights continued to yield large revenues and, to a considerable though diminishing degree, still do so.

Major Clark would have inherited the entire estate of his son, Edwin Howard Clark, had the latter died intestate. Said estate consisted chiefly of such mineral rights as Major Clark had conveyed to his son, and the revenues from the same, which were and are of large value. Edwin Howard Clark, however, left a document, purporting to be a will, which was offered for probate as an original proceeding both in Noble County, Oklahoma, and in San Diego. In this document nothing of consequence was left by the decedent to his father, Major Clark, the entire estate, excepting only a few articles of personalty of inconsequential value, being bequeathed to other persons. Probate of this writing was contested by Major Clark, both in the county court of Noble County, Oklahoma, and in the superior court of San Diego County. It was denied probate in the county court of Noble County, Oklahoma, and an appeal was taken by the proponents to the district court of said county, where the law provides for trial *de novo* in such cases. In the superior court at San Diego, on the other hand, said will was, over the protest of Major Clark, admitted to probate, from which action Major Clark took an appeal to the supreme court which appeal has never been formally determined.

Such proceedings were in due time had in the district court of Noble County, Oklahoma, that the contest there

was about to be tried by the district court, or was in fact partially tried, when a compromise was reached between Major Clark and the proponents of his son's will, the terms of which compromise were embodied in a contract of settlement dated April 17, 1925, which, in so far as it affects this case, follows:

"The contestant shall and does now hereby dismiss his contest with prejudice to the institution of any other contest, . . .

"The executor of this will, subject to the approval of the court, hereby and now agrees that of the present cash assets of said estate he shall pay a full and just one-half ($\frac{1}{2}$) portion (to) Dillard H. Clark, Sr., and in such manner as shall be by the court approved, shall make over and tranfer, convey and assign to Dillard H. Clark, Sr., a full one-half ($\frac{1}{2}$) portion of the entire interest of the deceased, Edwin Howard Clark, in certain royalty and oil, gas mineral rights, and in an oil lease covering land in Noble county, Oklahoma (describing it).

"The said contestant, Dillard H. Clark, Sr., shall, out of his portion hereby given him from said estate pay all just, legal, valid taxes assessable, to be levied, or collected on that portion of the estate by this compromise to him assigned and transferred, including inheritance taxes. . . .

"Said will, sought to be probated by the proponent, shall be probated in this court as of this date, said contest having been withdrawn as above stated."

Upon the filing of said contract of settlement in said cause in the district court of Noble County, Oklahoma, that court, on the twenty-third day of May, 1925, entered its final judgment and decree in said cause, which, in so far as it is pertinent, follows:

"And thereupon in pursuance of said stipulation, the contestant now withdraws and dismisses his said contest.

"And thereupon the court, upon a full examination in open court, finds that there was a *bona fide* controversy between the parties to said probate and contest, and that the said settlement and compromise of the same is free from fraud or duress, and in the opinion of the court to the best interests of all of the persons in interest, and all beneficiaries under the will . . . and hereby now approves the same. . . .

"And thereupon the court finds that the sole heir at law of said deceased is and was Dillard H. Clark, Sr., of San Diego, California, . . .

"That at the time of the death of the deceased he was a single and unmarried man, never having had any lineal descendants, was over eighteen years of age, and of sound mind, and by said will disposed of all his estate, both real and personal. That the will proposed for probate was subscribed at the end thereof by the testator himself, and that said subscription was made in the presence of the attesting witnesses, that the testator at the time of subscribing the same declared to the attesting witnesses that the instrument was his will, and that there were two attesting witnesses each of whom did sign his name as a witness at the end of the will, at the testator's request, and in his presence, and in the presence of each other.

"Said will is hereby admitted to probate, and is hereby probated as the last will and testament of Edwin Howard Clark, deceased; and now George M. Gillet, Jr., is hereby appointed to be sole executor thereof, and is hereby ordered to immediately recognize, distribute and pay to Dillard H. Clark, Sr., as sole heir at law of the deceased, the exact one-half of all the estate reduced to money, and also to assign to Dillard H. Clark, Sr., a full one-half interest in all of the said mineral rights; and duly and fully perform all the other things by him agreed to be done in the said compromise; and the benefits therein named are hereby accepted by Dillard H. Clarke, Sr., upon each and all of the conditions of said compromise, which are hereby accepted by him in all of its parts in open court."

Pursuant to said compromise, and during the year 1925, and up to the time of his death, February 12, 1926, Major Clark received in excess of $150,000 after the payment of all expenses in connection with said compromise, which said sum constituted a part of his estate which at his death passed into the hands of his executor.

Major Clark himself left a will which, by decree which is now final, has been admitted to probate by the superior court of San Diego County in this proceeding, the terms of which make provision for his wife, as follows: A trust fund for her benefit whereby she is to receive during her life the income from securities of the approximate value of

$40,000, leaving the bulk of his property to his surviving children.

By proper instruments Mrs. Eliza S. Winn Clark waived and relinquished all rights under the will of her husband, and elected to take that portion of his estate to which under the law she might be entitled.

All of the property of the estate, except that received by Major Clark as the result of the compromise of the will contest, as hereinbefore explained, was property or the proceeds of property owned by him prior to his marriage with appellant, and was his separate property.

Thereupon the court rendered the judgment appealed from, finding the property to be separate and distributing it to the two children under the will.

It is the contention of appellant that, as a matter of law, the facts found do not justify the conclusion that the property thus acquired is separate property. This is the sole question for the determination of the court.

Separate property and community property are defined in the Civil Code as follows:

Sec. 163. "All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is his separate property."

Sec. 164. "All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, . . . is community property, . . ."

The supreme court has construed the definition of separate property contained in section 163 of the Civil Code to include "property taken in exchange for, or in the investment, or as the price of the property so originally owned or acquired." (*Meyer* v. *Kinzer,* 12 Cal. 247 [73 Am. Dec. 538]; *Smith* v. *Smith,* 12 Cal. 216 [73 Am. Dec. 533].)

In case the will was held to be invalid, Major Clark was the sole heir of his son, and his right to contest the will was cast upon him immediately upon the death of his son. He claimed that his son's will was not a valid will. In this contention he had been sustained by the county court of Noble County, Oklahoma. By way of compromise, however, he consented to the dismissal of his contest and to the admission of the will to probate. The terms of the

460

compromise contemplated, however, that in consideration of withdrawing his contest, Major Clark should receive the half of his son's estate. It is this property and the profits thereof which are involved in this litigation. Had the will been rejected, he would have received all of his son's estate, and beyond doubt it would have been his separate property. The question is whether what he did receive is any the less his separate property because it came to him through the compromise that was effected. It would not be questioned that if, instead of acquiring a clear title to half of his son's estate by withdrawing his contest to the will, Major Clark had adopted the method of having the appeal dismissed and the will denied probate, and then transferring to the legatees and devisees one-half of the property, this property would be his separate property.

Did Major Clark transfer to the devisee under the will a property interest in return for that which was received by him under the terms of the compromise?

Property is defined by our Civil Code as follows:

Sec. 654. "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property."

Sec. 655. "There may be ownership . . . of rights created or granted by statute."

■ The right of an heir to transfer his inheritance, even though there is a will or purported will in existence, is recognized by our courts. ■ At the instant of his son's death Major Clark had a property right which he could assign or transfer or surrender for a consideration acceptable to him, and also the statutory right, which of itself is a property right, to contest his son's will. (*Estate of Baker*, 170 Cal. 578 [150 Pac. 989].) ■ This right was a right vested in him prior to his marriage, and therefore was his separate property. ■ The property involved in this litigation came to Major Clark in exchange or in payment for such property, and was likewise his separate property.

■ It is the contention of appellant that the right of action to contest a will is not assignable, nor the subject of conveyance, and that it is not property. Such is not the law of California. Our law specifically provides that

"any person interested" may appear and contest a will and includes "heirs" as among those interested. (Code Civ. Proc., sec. 1307.) "Broadly speaking, a contest of a will is in its essence an action for the recovery of property unlawfully taken or about to be taken from the ownership of the contestant." (*Estate of Baker, supra.*) While the mere expectancy of an heir is not usually regarded as property, the moment the ancestor has died, that expectancy is changed into a vested interest in property. It becomes thus vested by virtue of the death. The contest of a will therefore goes to establish upon the part of the contestant that his right to property has been violated. This right is such as the Civil Code, section 954, declares upon: "A thing in action, arising out of the violation of a right of property . . . may be transferred by the owner." (*Estate of Baker, supra.*)

Much reliance is placed by appellant upon the case of *Pancoast* v. *Pancoast*, 57 Cal. 320. This case involved a situation where a man before his marriage intruded, *without any right*, on certain land, and after his marriage made a deed and gave up possession of a portion of the same to the rightful owner, in consideration whereof the owner conveyed to the trespasser the rest of the tract in fee. In this case the court held that as the trespasser had nothing before marriage except the mere ability to give trouble and cause expense to the true owners, the title which the latter conveyed to him after his marriage was something wholly new and did not fall within any of the classes of new acquisitions enumerated in the statute as being separate property, and was in law community property. There are some features of the case which are similar to the instant case; but there is this difference: that in the Pancoast case the occupation does not appear to have been founded on any claim of right at all, but was a naked trespass, and the court refused to recognize a mere trespass as property; whereas Major Clark's claim to his son's estate was made in good faith on a *bona fide* contention that his son's will was invalid, and the Oklahoma court approved the settlement and found that it was free from fraud and duress and was for the best interests of the proponents of the will. In other words, that the contest was brought on probable cause. But above the good faith and above the probable

cause, as steadfast as the rock of Gibraltar, stands out this element of differentiation that his contest was the assertion of a statutory right amounting to property.

It is the contention of appellant that the will was declared to be a valid will by the Oklahoma court, and that it was therefore a valid will *ab initio*. The facts are that at the time of the settlement the will had not yet been declared to be a valid will; that it was the subject of a contest brought by Major Clark, a contest which the statute specifically authorized him to bring; that the will was an unnatural will in that it excluded by its provisions the only person who was the natural object of the bounty of the decedent; that the contest had been successful in the county court, and it was only by the prosecution of an appeal that the executors and legatees would have been able to obtain anything out of the estate; that no order of a probate court of Oklahoma had yet been entered admitting the will to probate; and that a will may be ever so valid, but until it is admitted to probate it is of no value as evidence of title. (*Roberts* v. *Roberts,* 168 Cal. 307 [142 Pac. 1080] ; *Estate of Patterson,* 155 Cal. 626 [102 Pac. 941] ; *Estate of Christensen,* 135 Cal. 674 [68 Pac. 112].) Thereafter the will was admitted to probate after the only person who was adversely interested had withdrawn his contest.

As regards the good faith and probable cause of his contest, Major Clark should be bound by the facts and circumstances as they existed when the stipulation was entered into, not by the record as it was afterward made as contemplated in the stipulation.

When a suit is brought *bona fide* on probable cause, a promise to compromise it is a valuable consideration, even though the suit should be held to be unfounded. (*Union Collection Co.* v. *Buckman,* 150 Cal. 159 [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708].)

It is true that the property in litigation was acquired by Major Clark during the time he was married to appellant, but it was acquired by way of the compromise of a statutory right which was in itself property and which he owned prior to his marriage. Property acquired by compromise is separate property if the right compromised is separate. The right compromised is the consideration for

the property obtained by the compromise, and the principle is the same as where property is purchased with separate funds. (31 Cor. Jur., p. 24, sec. 1099.)

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 9, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1928.

All the Justices concurred.