[Civ. No. 8313.  First Appellate District, Division One.—January 2, 1932.]

SAMUEL WILLEN, Appellant, v. SOPHIE WILLEN, Respondent.

484

Willedd Andrews for Appellant.

H. Y. Romayne for Respondent.

THE COURT.—On December 30, 1929, an interlocutory decree of divorce was granted to Sophie Willen upon her cross-complaint against Samuel Willen, alleging that the latter had been guilty of extreme cruelty. The decree awarded her the custody of the two minor children of the marriage. The court also found that certain property, namely, two policies of insurance on the life of Samuel Willen—one issued by the Metropolitan Life Insurance Company for $5,000, and the other issued by the Western States Insurance Company for $10,000—the household goods in the possession of the cross-complainant and a Ford automobile were the community property of the marriage. The automobile was awarded to the husband and the furniture to the wife. As to the insurance mentioned the decree provided as follows: " . . . that the plaintiff and cross-defendant (Samuel Willen) will be allowed to receive during his lifetime the indemnity accruing under the aforementioned insurance policies, at the present time in the sum of $150 per month; that out of the amount received by the plaintiff and cross-defendant he shall pay to the defendant and cross-complainant for the support of herself and the minor children of the parties hereto forty dollars per month, payable in two instalments on the 10th and 25th of each and every month, beginning with the 10th day of January, 1930, payments thereof to be made to and through W. H. Holland, trustee of this court. Said policies shall be maintained in their present condition and no change shall be made in the bene-

ficiary thereof, it appearing that said policies are payable to the estate of the plaintiff and cross-defendant at this time; that the plaintiff and cross-defendant shall have no power to alienate said policies, and upon the death of the plaintiff and cross-defendant the benefits of said policies shall go to the defendant and cross-complainant if she be living. In the event that defendant and cross-complainant predecease plaintiff and cross-defendant said insurance policies are to go to the estate of the plaintiff and cross-defendant, Samuel Willen; and that said insurance policies be deposited immediately with W. H. Holland, trustee of this court, for safe keeping.''

No appeal was taken from the decree.

Subsequently the husband filed notice of motion for an order modifying the decree by omitting therefrom the requirement that he pay his wife the monthly sum mentioned; and the latter also moved the court for an amendment, providing that the payments by the insurance companies upon the policies be thereafter made to said W. H. Holland, and authorizing him to give receipts therefor, and to pay therefrom the sum of $40 per month to her and the balance of $110 per month to Samuel Willen.

It appeared at the hearing, and the court found, that Samuel Willen was $470 in arrears of payments under the decree. His motion was denied and that of his wife granted. The decree was amended so as to provide that payments by the insurance companies be made to said W. H. Holland, who was also to receipt therefor, and who was directed to pay therefrom the sum of $40 per month to Mrs. Willen and the balance of $110 per month to Samuel Willen. Holland was in effect made a receiver for the purpose of enforcing the order of the court, which further provided that the sum allowed Mrs. Willen should constitute a lien upon the policies and the amounts payable thereunder. Samuel Willen has appealed from this order, and claims that the same was not justified by the evidence and is otherwise erroneous.

It appears that plaintiff received physical injuries which partially incapacitated him, due to which the insurance companies have since paid him under their policies the aggregate sum of $150 per month. He claimed that the whole of this amount was necessary to procure treatment

at a hospital and for his living expenses. This was denied by his wife, and after considering their conflicting claims the court denied plaintiff's motion.

Such matters are largely within the discretion of the trial court, and before an appellate court will interfere it must clearly appear that this discretion has been abused. We cannot say that such was the case here.

As stated, the court found that the policies of insurance were community property, and there was no appeal from the interlocutory decree. When a divorce is granted for an offense of the husband the court may compel him to provide for his wife and children, and may from time to time modify its orders in these respects (Civ. Code, sec. 139), and this power does not depend upon a reservation thereof in the decree itself (*Johnson* v. *Johnson,* 104 Cal. App. 283 [285 Pac. 902]). Where the divorce is granted on the ground of extreme cruelty the statute provides that the community property shall be assigned to respective parties in such proportions as the court from all the facts of the case and the condition of the parties may deem just (Civ. Code, sec. 146, subd. 1), and the court is empowered to appoint a receiver to enforce its orders for payments for the wife's support (Civ. Code, sec. 140; *McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020]), and it may create a lien on the property to secure the same (*Estate of Smith,* 200 Cal. 654 [254 Pac. 567]). While the court is without jurisdiction to authorize a seizure of property claimed by one in possession who is not a party to the action (*Stuparich Mfg. Co.* v. *Superior Court,* 123 Cal. 290 [55 Pac. 985]), here, so far as appears, no claim is made to the proceeds of the policies by any person except the parties; nor is any objection to making payments to the receiver made by the insurance companies. In any event the court may authorize its receiver to maintain an action for the recovery of such property (*Ex parte Hollis,* 59 Cal. 405; *Miller* v. *Superior Court,* 63 Cal. App. 1 [217 Pac. 817]).

The conclusions of the trial court are sufficiently supported, and the order discloses nothing which would justify a reversal of the order.

The order is affirmed.