[S. F. No. 15057. In Bank.—July 17, 1934.]

In the Matter of the Estate of C. LIND, Deceased. G. R. SOULE et al., Appellants, v. JOHN J. TAAFFE et al., Executors, etc., Respondents.

William Sea, Jr., for Appellants.

No appearance for Respondents.

SHENK, J.—On February 7, 1933, Charles Lind died testate in the city and county of San Francisco. On September 2d of the same year the executors of his will filed their first and final account and petition for distribution,

including a bequest of $4,333.34 in cash to William Lyons, a legatee under the will. Judgment creditors of Lyons filed their objections to the petition for distribution based on the following facts: In an action in the Superior Court in and for the City and County of San Francisco, A. B. Walcott in 1918 obtained a judgment against said legatee Lyons. The appellants are the owners of said judgment by assignment. On July 22, 1933, on order of court, an execution was issued on said judgment and a copy thereof, with the sheriff's notice attached, was on August 7th filed by the sheriff in the office of the county clerk in the matter of said probate proceedings. On the same day a copy of said execution with sheriff's notice was served on one of said executors. When the matter of the settlement of the account and petition for distribution came on for hearing, on September 14th, counsel for the judgment creditors presented an objection to the petition on the ground that said levy of execution on the interest of William Lyons in said estate was not mentioned in the petition, as provided in section 561 of the Code of Civil Procedure. Notwithstanding the objection the court settled the account and ordered distribution in accordance with the prayer of the petition. The objectors then moved the court, on notice, to amend the decree of distribution by inserting therein an order directing sufficient of said cash legacy to William Lyons to be delivered to the sheriff to satisfy the amount due on said judgment. The motion was denied. The owners of said judgment, Soule and Best, have prosecuted an appeal from the decree of distribution and from the order denying their motion to amend the decree.

The pertinent part of section 561 of the Code of Civil Procedure provides: "The interest of a defendant in personal property belonging to the estate of a decedent, whether as heir, legatee, or devisee, may be attached by serving the personal representative of the decedent with a copy of the writ and a notice that said interest is attached. . . . A copy of said writ of attachment and of said notice shall also be filed in the office of the clerk of the court in which said estate is being administered and the personal representative shall report such attachment to the court when any petition for distribution is filed, and in the decree made upon such petition distribution shall be ordered to such heir, legatee or devisee, but delivery of such property shall

be ordered to the officer making the levy subject to the claim of such heir, legatee or devisee, or any person claiming under him. The property shall not be delivered to the officer making the levy until the decree distributing such interest has become final."

Section 688 of the Code of Civil Procedure contains the provision that money and other property, real or personal, or any interest therein, of a judgment debtor are liable to execution, and that debts and credits and all other property, both real and personal, or any interest therein "may be levied upon or relieved from levy in like manner as like property may be attached or relieved from attachment".

No reason has been pointed out, and we perceive none, why the writ of execution may not be employed in the same manner and with the same effectiveness as the writ of attachment as provided in section 561. The writ of execution involved herein was issued and was served and filed as provided in said section for the service and filing of the writ of attachment, and should be given like effect. It was thereupon the duty of personal representatives of the decedent to report said execution when the petition for distribution was filed. Failing in that respect the judgment creditor properly called the attention of the court, on motion, to the omission, and the decree of distribution should have been made to provide for distribution to the legatee of the amount of the legacy, when the decree should become final, but that the delivery of the money be made to the officer making the levy, subject to the claim of the legatee or any person claiming under him.

The decree and order are reversed.

Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.