[Civ. No. 11681. First Dist., Div. Two.—July 9, 1941.]

ROAN A. McMILLAN, Appellant, v. KATHERINE E. BOESE, Respondent.

Philip G. Sheehy and Fred W. Lake for Appellant.

Ronald G. Stewart and Herbert S. Bridges for Respondent.

SPENCE, J.—Plaintiff sued to quiet title to a lot in Santa Clara County. Defendant filed an answer and a cross-complaint. The cause was tried by the court and judgment was entered in favor of defendant and cross-complainant. Plaintiff appeals from said judgment.

Otto Boese and defendant Katherine E. Boese were husband and wife and they acquired the lot during their married life by deed in which both of them were named as grantees. Otto Boese died in 1935 and his entire estate was assigned to defendant, it being found that the net value of his estate did not exceed $2500 (Probate Code, section 640). After said decree assigning the entire estate to defendant had become final, plaintiff commenced this action.

Upon the trial plaintiff offered in evidence what purported to be an unprobated holographic will of Otto Boese, deceased, by the terms of which purported will all of the property of the deceased was left to plaintiff, the niece of said deceased. Objection was made to the introduction of said will and the objection was sustained. In offering said will, counsel for plaintiff stated, "It is our muniment of title" and after the objection was sustained to the offer, said counsel stated "On that ruling, our case fails at the inception." Thereafter defendant introduced in evidence the record in the probate proceeding including the decree assigning the entire estate to the defendant and judgment was entered in favor of said defendant.

We find no error in the record. The trial court properly sustained the objection to the introduction of the purported will. Such an unprobated will is not admissible to prove the title of a person named therein as a devisee. (*Roberts* v. *Roberts,* 168 Cal. 307 [142 Pac. 1080, Ann. Cas. 1916A, 886]; see also *Estate of Clark,* 94 Cal. App. 453 [271 Pac. 542]; 22 Cal. Jur. 173 and 174, section 46.) And even if properly proved and admitted to probate, the general power of testamentary disposition is limited by the code sections providing for summary administration of small estates. (*Estate of Miller,* 158 Cal. 420 [111 Pac. 255]; 11A Cal. Jur. 552, sec. 398.) Furthermore plaintiff was in effect attempting to attack collaterally the decree of the probate court. Said decree was valid upon its face and it was not open to collateral attack but was open only to direct attack upon the ground

of extrinsic fraud which was neither pleaded nor proved. (*Eisenmayer* v. *Thompson,* 186 Cal. 538 [199 Pac. 798].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 28, 1941.