[Civ. No. 13310.   Second Dist., Div. Two.   Nov. 28, 1941.]

MARY GARCIA, Respondent, v. ELEUTERIO GARCIA et al., Defendants; MARY WILLIS, Appellant.

John H. Myers for Appellant.

Fernando de la Vega and Charles W. Wolfe for Respondent.

SCOTT (R. H.), J. *pro tem.*—Plaintiff obtained judgment against her husband, defendant Garcia, for separate maintenance, attorney's fees and costs. It provided that the payments thereof should be a lien on certain real property superior to the interests of defendants. Defendant Willis appeals from the portion of the judgment establishing the lien.

The record discloses that in April, 1936, defendant Garcia married plaintiff and that they lived together as husband and wife until June 30, 1939, in a house located on land owned by the husband as his separate property. On June 8, 1939, Garcia deeded the property to himself and defendant Gonzales (naming her as Dolores Garcia). On June 30, 1939, Garcia left home and entered into a bigamous relationship with Gonzales. Attorney John H. Myers, who now represents appellant, saw plaintiff Mrs. Garcia in his office a few days later. She showed him her marriage license and told him she was Garcia's wife. He told her she would have to start paying rent for the house, which she refused to do. On July

6, 1939, Garcia and Gonzales executed a deed to the property naming Gonzales as grantee. The next day they were both arrested and soon thereafter were convicted of bigamy. Myers was their attorney. Gonzales signed a deed dated July 8 and acknowledged July 12, 1939, naming defendant Willis as grantee, to hold the property as security for Myers' $500 attorney's fee. Myers drew up all three of the deeds and took the notarial acknowledgment of the first two.

On July 7, the day Garcia was arrested for bigamy, Myers brought suit in his behalf against Mrs. Garcia for unlawful detainer of the property, and on July 17, when the two men came into court together, Myers heard Garcia testify that he, Garcia, at that time was the owner of the property and had not transferred it to anyone. August 4, 1939, Myers brought suit on behalf of Willis for possession of the property based on the deed to her dated July 8, and recovered default judgment against Mrs. Garcia and possession of the premises.

Attorney Myers is the real party in interest on this appeal, since the title to the property is in Willis solely as security for his attorney's fees. Even before Garcia and Gonzales were arrested for bigamy on July 7 Myers knew that Mrs. Garcia was Garcia's lawful wife, living in the home which she had helped to maintain for over three years. He is in no sense an innocent party so as to entitle him to assert any right superior to that of the aggrieved wife, but on the contrary was attorney for active participants in proceedings which offended and harassed the only innocent party, the plaintiff in the case.

Plaintiff had the right to recover judgment providing for separate maintenance and setting aside a voluntary conveyance made for the purpose and with the design of defeating her right to such maintenance (*Dixon Lumber Co.* v. *Peacock*, 217 Cal. 415 [19 Pac. (2d) 233]), and the judgment declaring her lien to be superior to that of the other parties was equitable and proper.

Judgment affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.