[L. A. No. 18577. In Bank. Dec. 20, 1943.]

JACK EDWIN REED, a Minor, etc., Appellant, v. JEAN LOUISE HAYWARD (BLACK) et al., Defendants; MONTE CLY et al., Respondents.

John A. Jorgenson for Appellant.

No appearance for Respondents.

CARTER, J.—Plaintiff, a minor seven years of age, commenced this action through his guardian, Evalyn M. Nichols. His complaint is in two counts. In the first count he alleges that said Nichols is his guardian; that he is the illegitimate child of defendant Jean Louise Hayward (Black) whom he

asserts is his mother; that his father's whereabouts is unknown, except that he may be in Kansas City, Missouri; that Laura L. Dickinson was his maternal great grandmother; that said Dickinson was the owner of certain income-producing real property at the time of her death on September 18, 1940; that said Evalyn M. Nichols, an heir of Dickinson, was appointed administratrix of Dickinson's estate upon the assumption that Dickinson left no will, and now is acting as such administratrix; that defendant Hayward is an heir of Dickinson and as such became vested with an interest in the above mentioned real property if Dickinson died intestate; that defendant Hayward has furnished no support to plaintiff, and has no means to furnish such support except out of what she may inherit from Dickinson; that defendants P. E. Durkee and Monte Cly, respondents herein, claim some interest in said real property, but that such claim is without right.

The allegations of the first count are re-alleged in the second count, and it is further charged that Dickinson had executed a will prior to her death which was in her possession at the time of her death; that by that will she left one-fourth of her estate to plaintiff; that Hayward discovered that will and is still in possession of it or has destroyed it.

The prayer is that Hayward be required to produce the will; that if it cannot be found and established, a lien be impressed upon one-half of the real property that has descended to Hayward by intestate succession as security for the obligation of Hayward to support plaintiff.

The demurrers of defendants and respondents Durkee and Cly were sustained without leave to amend. From the judgment of dismissal entered thereon, plaintiff appeals. It does not appear from the record what, if any, procedure has been taken with reference to defendant Hayward.

Turning first to the second count, it may be described as an action to compel the production of a will, or if it is destroyed to establish it, and to obtain protection of the interest in the real property alleged to have been acquired by a devise therein with respect to defendant Hayward, and to have such right declared superior to any claim of respondents Cly and Durkee to the property. Although it is alleged that respondent Cly is the guardian of Barbara Cly, a minor, another asserted devisee under the will, respondent Cly is not sued in his capacity as guardian. Hence, we may assume that neither

of respondents has any claim or right either on his own behalf or on behalf of any other heirs or devisees of Dickinson in the property of the estate of Dickinson.

A will that has not been admitted to probate may not be used as evidence of title in a person therein named as devisee. (*Roberts* v. *Roberts*, 168 Cal. 307 [142 P. 1080, Ann. Cas. 1916A 886]; *McDaniel* v. *Pattison*, 98 Cal. 86 [27 P. 651, 32 P. 805]; *Castro* v. *Richardson*, 18 Cal. 478; *Estate of Clark*, 94 Cal.App. 453 [271 P. 542]; *Estate of Christensen*, 135 Cal. 674 [68 P. 112]; *Ahlborn* v. *Peters*, 37 Cal.App.2d 698 [100 P.2d 542]; *McMillan* v. *Boese*, 45 Cal.App.2d 764 [115 P.2d 37]; see *Estate of Walker*, 160 Cal. 547 [117 P. 510, 36 L.R.A.N.S. 89]; *Estate of Patterson*, 155 Cal. 626 [102 P. 941, 132 Am.St.Rep. 116, 18 Ann.Cas. 625, 26 L.R.A.N.S. 654]; 68 C.J. 876, 919; 2 Page on Wills, pp. 53-54.) In *Estate of Bassett*, 196 Cal. 576 [238 P. 666], *Estate of Johnston*, 188 Cal. 336 [206 P. 628], and *Estate of Thompson*, 185 Cal. 763 [198 P. 795], the question involved was the proof of a revoking clause in a subsequently revoked will. The matter was in probate and the unprobated will was not sought to be used as a muniment of title. In *Estate of Sloan*, 7 Cal. App.2d 319 [46 P.2d 1007], a foreign will and special circumstances were involved. (See *Ahlborn* v. *Peters, supra.*) A complete procedure is set forth in the Probate Code by which the superior court sitting as a probate court is the forum for the probate and proof of wills (Prob. Code, secs. 361-362), the contest of wills (Prob. Code, secs. 370-385), the production of wills (Prob. Code, secs. 320-323, 613), and the establishment of lost or destroyed wills (Prob. Code, secs. 350-352).

As to those matters it may be said generally that the probate court has exclusive jurisdiction. (See *Ahlborn* v. *Peters, supra; McDaniel* v. *Pattison, supra.*) Hence, it would appear that plaintiff has chosen the wrong forum for the relief sought under his second count, that is, the production and establishment of a will that has been destroyed or is concealed.

However, viewing the second count as one to quiet title as against the respondents as strangers to the estate, and as to whom it is alleged that they claim some interest in the property of the decedent, it may not be vulnerable to the demurrers. It is true that plaintiff must prevail on the strength of his own title rather than on the weakness of de-

fendant's title. (22 Cal.Jur. 167-168.) Under the allegations contained in his second count plaintiff deraigns title through an unprobated will which, as we have seen, must be established in the proper forum, and until it is established it may not be *evidence* of title in him. But at the present stage of the proceeding the admissibility of evidence is not pertinent. It may well be that by the time the action comes to trial plaintiff will have had the will admitted to probate in the probate court. ■ The general rule that plaintiff in a quiet title action must have title at the time of the commencement of his action (*Rowley* v. *Davis*, 34 Cal.App. 184 [167 P. 162]; *Moakley* v. *Los Angeles Pacific Ry. Co.*, 139 Cal.App. 421 [34 P.2d 218]) would not thereby be violated because the title of both real and personal property passes to a devisee named in a will upon the death of the testator, subject to administration. (Prob. Code, secs. 28, 300; *Noble* v. *Beach*, 21 Cal.2d 91 [130 P.2d 426]; 26 Cal.Jur. 1020, 1047-1048; 11B Cal.Jur. 238-239.) ■ The heirs or devisees may themselves, or jointly with the executor or administrator, maintain an action to quiet title to. the real property of the estate against anyone except the executor or administrator. (Prob. Code, sec. 581; 11B Cal.Jur. 381-382.)

■ The first count contains a cause of action by an illegitimate minor, prosecuted through his guardian, to enforce his right to receive support from his mother, defendant Hayward. Such a proceeding is recognized by section 196a of the Civil Code in the following language: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian ad litem appointed upon the written application or with the consent of his mother; provided, that such application or consent shall not be necessary if the mother is dead or incompetent, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife." Under that section the liability for support of an illegitimate child is the mutual obligation of both the father and mother. (*Myers* v. *Harrington*, 70 Cal.App. 680 [234 P. 412]; *Kyne* v. *Kyne*, 38 Cal.App.2d 122, 130 [100 P.2d 806].) The obligation being imposed upon

both of the parents of the illegitimate child, section 196a clearly authorizes an action against the mother. By the express language of that section such an action may be brought by the guardian of the illegitimate minor on his behalf. That is clearly proper procedure where the mother is the one sought to be held and the father is out of the state and his whereabouts is not definitely known. ▉ It is alleged in the complaint that Evalyn M. Nichols is plaintiff's guardian. That must be accepted as true and not subject to question on general demurrer.

▉ By this action plaintiff also seeks to impress a lien upon or make the property which defendant Hayward has inherited by intestate succession from Laura L. Dickinson subject to the obligation to support plaintiff. That there is authority for subjecting such property to a lien is clear. Section 196a of the Civil Code provides that the court shall have the power to order the enforcement of the obligation to support an illegitimate child the same as under section 140 of the Civil Code. All the powers conferred by the latter section may be exercised and made a part of the judgment in the action. (See *Gambetta* v. *Gambetta,* 30 Cal.App. 261, 264 [157 P. 1141]; *Carbone* v. *Superior Court,* 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260]; *Arais* v. *Kalensnikoff,* 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163]; *Kyne* v. *Kyne, supra.*) Section 140 provides: "The court may require the husband or wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." The authorities with relation to the power of a court to assure the performance of obligations in a divorce or maintenance action are pertinent in determining its authority under section 196a. (*Carbone* v. *Superior Court, supra.*) Under that section (Civ. Code, sec. 140), or independently, the payment of permanent alimony may be secured by making the same a lien or charge on the obligor's property. (See *Kusel* v. *Kusel,* 147 Cal. 57, 61 [81 P. 295]; *Gaston* v. *Gaston,* 114 Cal. 542 [46 P. 609, 55 Am.St.Rep. 786]; *Tremper* v. *Tremper,* 39 Cal.App. 62 [177 P. 868]; *Latterner* v. *Latterner,* 121 Cal.App. 298 [8 P.2d 870]; *Willen* v. *Willen,* 119 Cal.App. 483 [6 P.2d 554]; *Estate of Smith,* 200 Cal. 654 [254 P. 567]; *Garcia* v. *Garcia,*

48 Cal.App.2d 157 [119 P.2d 387]; *Sanguinetti* v. *Sanguinetti*, 9 Cal.2d 95 [69 P.2d 845, 111 A.L.R. 342].)

Upon the premise that Dickinson died intestate and defendant Hayward is an heir, the latter's interest in the decedent's real property may be impressed with a lien to secure the performance of her obligation to support plaintiff even though the estate is still in the process of administration, subject, of course, to administration of the estate. That proposition follows from the rules that title to the property of the estate passes to the heir upon the death of the intestate (Prob. Code, sec. 300); that pending administration an heir may convey or encumber his interest in the estate (11B Cal.Jur. 827-829); that the heir's interest in personal property is subject to attachment and execution liens under appropriate restrictions (Code Civ. Proc., secs. 561, 688; *Estate of Lind*, 1 Cal.2d 291 [34 P.2d 486]), and the same applies to real property (Code Civ. Proc., sec. 542, subd. 2; *Noble* v. *Beach, supra*); and that a judgment lien attaches to the heir's interest pending probate (*McGee* v. *Allen*, 7 Cal.2d 468 [60 P.2d 1026]; *Noble* v. *Beach, supra*). Under the foregoing rules there is no interference with the jurisdiction of the probate court or the lawful and orderly administration of the estate, inasmuch as any lien imposed is subject to the administration of the estate and all the rights pertinent thereto. Hence, there is no valid reason why a lien may not be imposed upon the interest of defendant Hayward as an heir of Dickinson.

Both counts of the complaint allege that defendants Cly and Durkee, respondents here, claim an interest in the property described therein, but that such claim is without right. Certainly in an action to quiet title and to establish a lien on real property, plaintiff may join as defendant anyone asserting an interest in the property in order that a complete determination of the controversy may be had, and the priorities of rights established. (See Code Civ. Proc., secs. 379, 380; *Murray* v. *Murray*, 115 Cal. 266 [47 P. 37, 56 Am.St. Rep. 97, 37 L.R.A. 626].)

For the foregoing reasons the judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.