[Civ. No. 8808. Third Dist. Jan. 3, 1957.]

GLADYS M. WALES, Plaintiff and Respondent, v. FRANK DAVIES, as Executor, etc., et al., Appellants; ORO LUMBER COMPANY et al., Cross-Defendants and Respondents.

WARD S. McENTYRE et al., Appellants, v. GLADYS M. WALES et al., Respondents.

ROBERT EWING, Appellant, v. GLADYS M. WALES et al., Respondents.

FRANK DAVIES, as Executor, etc., et al., Appellants, v. GLADYS M. WALES et al., Respondents.

Albert L. Johnson and Lynne Kelly for Appellants.

John L. Larue for Respondents Wales et al.

Frank G. Finnegan for Cross-Defendants and Respondents.

VAN DYKE, P. J.—This controversy arose when Gladys M. Wales, claiming ownership of timber growing on public land on which defendants-appellants had located mining claims, went upon the land and cut and removed timber. When the timber operations began the defendants accused the logging operators of trespass. Mrs. Wales then brought suit to quiet her title to the timber. The defendants cross-complained for damages and subsequently filed separate suits for damages. All the actions were consolidated for trial.

In 1862 the Government of the United States granted to the Central Pacific Railroad certain public land adjacent to its railroad line. The grant excepted mineral lands, but provided that where the lands were mineral the timber thereon was granted to the railroad company. (12 Stats. at Large, chap. 120.) It is conceded herein that the land from which Mrs. Wales removed timber was mineral land and that the railroad company acquired the title to the timber on the land when the grant was made. To establish her title to the timber Mrs. Wales introduced in evidence a chain of title from the Central Pacific Railroad Company to one Oscar Tamm. Mrs. Wales claimed to derive her interest in the timber from the trustees of the estate of Oscar Tamm. However, in the chain of title there appears a deed from Oscar Tamm to George C. Sargent conveying to him by far the greater part of the timber involved in this litigation. Mrs. Wales also relied on a contract she had negotiated with the United States. By the terms of this contract she was permitted to cut and remove from the land here involved all timber over 90 years of age.

After a trial without a jury the court quieted Mrs. Wales' title to the timber and denied damages to the mining locators. The court made findings that Mrs. Wales was the owner of all the timber she cut and removed from the land; that the mining locators had no right, title or interest in that timber; that she entered the land by virtue of her ownership of the timber she took; that the harvesting of the timber was done in compliance with state and federal rules and that no damage or waste was committed while the timber was being removed; that the mining locators suffered no damage.

The mining locators have appealed from the judgment entered. They first contend that the court erred in quieting Mrs. Wales' title to the timber. We agree that it was error for the court to quiet Mrs. Wales' title. ■ In order for a person to prevail in a quiet title action it is necessary that he prevail on the strength of his own title. (*Reed* v. *Hayward*, 23 Cal.2d 336-339 [144 P.2d 561]; 22 Cal.Jur. pp. 167-168.) ■ Mrs. Wales could not rely wholly on the contract of sale from the trustees of the estate of Mr. Tamm because Mr. Tamm during his lifetime had conveyed most of the timber to George C. Sargent. At the time this action was begun Mrs. Wales could not show title from Sargent or his heirs. Therefore, she had no title which could be quieted to any timber which had been conveyed to Sargent. Any title she may

have acquired from Sargent's heirs after action begun could not help her in this suit. (*Reed* v. *Hayward, supra,* p. 340.) As for the small part of the timber which Mr. Tamm did not convey to Sargent and which the trustees of his estate purported to sell to Mrs. Wales her proof of title is vague and unsatisfactory. But it is unnecessary to determine its sufficiency now since we must reverse the judgment and better proof may be made on retrial.

Mrs. Wales could not rely on the agreement with the United States in order to establish her title to the timber. For, as is conceded here, if the United States granted the timber which was on the land in 1862 to the Central Pacific Railroad, it could not later grant the same timber to another. One cannot grant what one does not own. (*Ames* v. *Empire Star Mines Co.,* 17 Cal.2d 213, 221 [110 P.2d 13].)

What we have said does not mean that the mining locators are entitled to damages for the value of the timber which was cut and removed from the land. For, if the United States granted the timber which was growing on the land in 1862 and Mrs. Wales only cut such timber, she did not take any timber to which the locators would have any right. Their damages would be limited to injury to their interest which in this case would include damages for trespass since if Mrs. Wales could show no title she was a trespasser; and was liable in damages for any injury to the land caused by the removal of the timber. Since she was a trespasser, the fact she complied with state and federal rules for harvesting timber would not limit the damages recoverable.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

The petition of respondents Gladys M. Wales, Oro Lumber Co., Edward H. Brunning and Robert K. Graham for a rehearing was denied January 29, 1957.